By the Court. Sandford, J.
Since the code, a practice has to some extent prevailed in our court, by which the judge at the trial term, both parties consenting, has rendered a formal judgment, after the jury have passed on the disputed facts, without actually deciding the question of law involved, with leave to the losing party to appeal to the general term without security. The agreement of both parties to these terms is made in open court, and entered by the clerk in the minutes of the trial. We are disposed to encourage this practice, in cases where the questions of law presented are new or difficult, where an appeal is to be expected in any event, and where no prejudice is likely to ensue from the omission to give security. It frequently happens, that the court may in this mode dispose of the cause after a single trial before a jury, when an adverse ruling of the law would result in a reversal and a second trial.
It is not necessary in this case, to decide whether an agreement to waive security, made in open court, but not entered in the minutes, will be held to bind the party. Such an agreement, with the omission to object to the appeal, when made, because of the want of security, and the subsequent treatment of the *723 appeal as pending, are sufficient to preclude the plaintiff from now setting up that the appeal was irregular and null for that cause.
There is, however, another difficulty which is insuperable. Ro judgment has been entered at the special term. The entry produced, so far as it is complete, is merely a transcript of the judge’s direction of the judgment to Joe rendered on the verdict, under section 264 of the code. The judgment itself, is to be entered by the cleric in the judgment ~boo\ as provided in section 279 and 280. In order to make this entry, the clerk, besides the judge’s direction as provided in section 264, was required in this case, to adjust the amount of the plaintiff’s costs and disbursements, and the interest accrued on the verdict.—(Code, § 310, 311.) Both of these items must be inserted in the entry of the judgment. Then, and not before, the judgment would be complete and perfect, and the clerk could make up the judgment roll, and the judgment could be docketed and collected. —(Ibid. § 281, 282, 287.)
This appears to us to be the plain effect of the code. It Is obvious that it should be so, because, after an appeal, the court below, the special term, can properly act no further in the matter, unless the judgment be reversed. If it be affirmed, it will remain precisely as it was when appealed from; and if that were in a shape incapable of execution, it would present an embarrassing question as to the jurisdiction of the court below to remedy the defect. In this case, the appeal was premature. If the prevailing party neglect to complete his judgment, when the other party is desirous to appeal and obtain a speedy decision, the course of the latter is to notify the former to perfect his judgment for that purpose ; and if he do not perfect it in a reasonable time, the court will, on motion, compel him to do so with costs, unless some good cause, for the delay be shown.
The appeal must be dismissed, without costs to either party.