Schenectady and Saratoga Plank Road Co. agt. Thatcher.

---

## SUPREME COURT.

The Schenectady and Saratoga Plank Road Co. agt. Thatcher.

A bill of exceptions when *attached* to the judgment roll, becomes a part of it by the last clause of § 264. Therefore a judgment roll with the bill of exceptions attached is equally sufficient with one where the bill of exceptions is incorported in the roll.

The clerk must enter in the judgment book "*the judgment*" as required by § 280 in cases where the decision of the court is given in writing and filed under § 267, as in all other cases; and must insert a copy of such judgment in the judgment roll in making it up, and sign the same.

A "*bill of costs*," "*notice of adjustment*," "*affidavit of disbursements and attendance of witnesses*," are papers which do not constitute any part of a judgment roll, and should not be attached, as they unnecessarily encumber it.

—— *Special Term,* —— 1851. *Motion to set aside judgment roll for irregularity.* The action was tried before the circuit judge, a trial by jury having been waived. The judge having made his decision in favor of the plaintiffs, judgment was per-

Schenectady and Saratoga Plank Road Co. agt. Thatcher.

fected thereon on the 4th of October 1851. Notice that judgment had been entered, was served on the defendant's attorney on the 6th of October 1851, and on the next day the defendant's attorney served the necessary papers for an appeal. Exceptions had been taken upon the trial and before the judgment was entered a bill of exceptions had been signed and sealed and filed with the clerk. In making up the judgment roll the bill of exceptions was omitted. The roll consisted of the summons, complaint, answer, reply, judges decision, *bill of costs, notice of adjustment* and *affidavits of disbursements and attendance of witnesses.* No judgment was attached to the roll, except the decision of the judge, nor was the roll signed by the clerk. Upon these facts the defendant's attorney moves to set aside the judgment roll, or that the same be amended in the particulars specified.

P. Potter, *for Plaintiffs.*

W. L. Learned, *for Defendant.*

Harris, Justice.—It appears by the affidavit of the defendant's attorney, that the bill of exceptions has already been attached to the judgment roll. Under the provision contained in the last clause of the 264th section of the Code, it became when attached, a part of the roll.

But the more important question involved in this motion relates to the form of entering judgment. The clerk, as appears from the affidavit read in opposition to the motion, has supposed that in a case like this, where the decision of the judge is made in writing and filed, such decision is a sufficient judgment to answer the requirements of the statute. Judging from the rolls returned upon appeals, and which have come within my own notice, I am inclined to think this no uncommon error. The 279th section of the Code requires the clerk to keep a book for *the entry of judgments.* The succeeding section prescribes the entry which shall be made in the *judgment book.* It must " specify clearly the relief granted, or other determination of the action." Excellent forms for these entries have been prepared by Mr. Monell, and may be found in his book of practice, p. 479,

*et seq.*   Until judgment is thus entered, the clerk is not authorized to make up the judgment roll.  The statute requires him " immediately ·after entering the judgment," to proceed to make up the roll, and among the papers necessary to constitute a complete judgment roll, is " a copy of the judgment," that is a copy of the entry of the judgment made by the clerk in the judgment book.  Such entry in the judgment book and copy in the roll is the only record evidence that judgment has been perfected.  The judgment roll in this case is defective in this respect.  It contains the decision in writing required by the 267th section of the Code, but not the judgment to be entered thereon as required by the same section.

The clerk also erred in attaching to the ·roll the bill of costs, the notice of adjustment, and the affidavit of disbursements and attendance of witnesses.  These, properly, constitute no part of the roll, and it subjects the parties to unnecessary expense, and is a great inconvenience to the court having occasion to review the proceedings, to have the record encumbered by such useless matter.  In the entry of judgment to be made by the clerk, he is required by the 311th section of the Code, to insert " *the sum* of the charges for costs, &c."   The *amount only* is to be inserted, and not the papers necessarily used in ascertaining such amount.

There must be an order directing the clerk of Schenectady, in case he has not already done so, to make an entry of the judgment in this action in the judgment book kept by him, and to attach a copy of such entry to the judgment roll, which should be signed by him.  The papers used upon the adjustment of costs must be detached, as constituting no part of the roll.  Neither party is to have costs against the other upon this motion.