THEODORE FINNEY, Respondent, *vs.* JOHN W. CALLENDAR and FREDERICK CALLENDAR, Appellants.

APPEAL FROM THE DISTRICT COURT OF SCOTT COUNTY.

A note executed in this State, on Sunday, is void.

Where a note made on a Sunday is alleged to have been made on another day, it is sufficient for the Defendant to deny the allegation of the Plaintiff, and to allege the true date, without averring that the date so alleged was Sunday. The Court will take judicial notice of such fact.

Points and Authorities for Appellant.

I.—The demurrer admits that the note sued upon was not made upon the 10th of October, but that it was made, executed and delivered on the 13th day of October, A. D., 1861. The Court will take judicial notice of the calendar time : the calendar is a part of the Common Law, and also of the Statute Law of the State. *See Com. Stat. chap.* 96, *sec.* 19, *p.* 730.

II.—The Court will, therefore, take judicial notice that the note upon which the action is brought, was made, executed and delivered on Sunday, October 13th, 1861, and at no other time, and is, therefore prohibited by the statute above cited. The statute being both penal and prohibitory, of course the note is void. See case in *1st Douglass Mich. Rep.*, (title and

page not recollected), where it is held that a promissory note made on Sunday is totally void, under a statute exactly like ours.

III.—There are no authorities that hold a promissory note made on Sunday to be valid under statutes like ours; but there are some authorities which hold such notes valid under statutes which only prohibit work, business or labor in one's ordinary secular calling, while many cases hold such notes void under statutes much less stringent than that of this State.

Points and Authorities for Respondent.

I.—The Defendant's answer is defective and ought not to be favored. It only indicates that the date or time of making of the note described in the complaint was mis-stated—a matter not affecting the Defendant's liability, and not constituting any matter of defence on the merits.

II.—Though the Court may look into the calendar of time to ascertain on what day of the week the 13th day of October, 1861, occurred,—is the Court obliged to do so, unless the party asking it, claims by his pleading some benefit from it? *Prima facie* the day is immaterial, and *prima facie* is conclusive in the absence of any cause shown, why it should not be. No cause is shown by the Defendant's answer.

III.—The Defendants have not pleaded that the note was made on Sunday, or in any manner claimed in their answer, the benefits of *sec.* 19 *of chapter* 96 *of the Compiled Statutes,* *p.* 730, and are therefore not entitled to allege on the argument and from the calendar of time alone, that fact to avoid their liability on the note. The party claiming the benefit of that statute must plead it.

L. M. BROWN, Counsel for Appellants.

A. G. CHATFIELD, Counsel for Respondent.

*By the Court*—EMMETT, C. J.—There are two questions presented by this record. First, whether a note executed on

Sunday is of any validity; and, secondly, whether a Defendant sufficiently interposes such a defence by simply alleging in his answer that the note sued upon was not made on the 10th day of October, 1861, the day alleged in the complaint, but on the 13th of said month, which appears on examination to have been Sunday, although there is no allegation of that fact.

We had the first question under consideration in the case of *Brimhall vs. Van Campen, ante p.* 13, and came to the conclusion that under our statute, a note made on Sunday in this State, is absolutely void.

As to the other question the Plaintiff claims that such an answer is deceptive, as indicating only that the time of making the note was mis-stated, without advising him of the defence relied upon. On the other hand the Defendants urge that the allegation is sufficient, the Court being bound, as they allege, to take judicial notice of the calendar time.

No authorities are cited by either party touching this point, nor have we found any in the search which we have been able to make. It is not, however, of so much importance to the profession, in this State, how the question of pleading shall be decided, as that it shall be authoritatively settled.

The almanac has long been regarded and held as a part of the law of the land. It cannot be said to be a special law, therefore it must belong to the general law; and being so, it is governed by the ordinary rule applicable to all general laws, and need not be specially pleaded. At least the necessity for making this an exception has not been demonstrated to us.

The order sustaining the Plaintiff's demurrer to the answer of the Defendants is reversed, and the case remanded.