## SHERMAN *vs.* POSTLEY.

At what time notice of a judgment may be given, for the purpose of limiting the time within which an appeal may be taken.

Where the form of a judgment had been drawn up and settled before the judge who tried the cause; and he had directed the clerk, in writing, to enter it, and had signed it with his initials, according to the customary practice, but the judgment roll had not been made up and filed; *Held*, that while the judgment remained thus incomplete, notice of it could not be given to the unsuccessful party which would have the effect to limit his time for appealing.

MOTION to dismiss an appeal, on the ground that it was not made in time. The facts appear, sufficiently, in the opinions.

*L. R. Marsh,* for the motion.

*Wm. F. Allen,* opposed.

Sherman *v.* Postley.

LEONARD, J.   The Code provides that an appeal must be taken within thirty days after written notice of the judgment or order shall have been given to the party appealing.  (§ 332.)

This provision applies to appeals from trials before a single judge to the general term of this court.  (§ 348.)  The question in this case is, when may notice of a judgment be given for the purpose of limiting the time within which an appeal may be taken ?  Or, in other words, when is a judgment in the condition that such notice of it may be given?  The Code defines a judgment to be the final determination of the rights of the parties in the action.  (§ 245.)

Before the Code, all writs of error, by which appeals were taken, were required to be brought within two years after the rendering of any judgment or final determination in any cause, and not after.  (2 *R. S.* 594.)  This period of final determination was held to commence at the time when the decision was entered, and not from the subsequent filing of the record.  (*Fleet* v. *Youngs,* 11 *Wend.* 522.  *Lee* v. *Tillotson,* 4 *Hill,* 29.)

It is safe to say that the notice can not be given until the judgment has arrived at that state of completeness, which is a final determination of the rights of the parties by record evidence, and when also an appeal can be taken.  (*Sherman* v. *Wells,* 14 *How. Pr. Rep.* 522.)

The costs and disbursements, if any have been awarded, must be included.   There must be a direction of the judge to enter judgment, (§ 278 ;)  and in case such direction is in writing, and signed by the judge, it must be filed.  Some decisions have been made, holding that an appeal can not be taken until the record of judgment is complete, so that the clerk can make return thereof on appeal.   An omission of the costs in the entry of judgment has been held to be sufficient cause for dismissing an appeal ;  the judgment being thereby incomplete.   Where there has been a jury trial, the Code declares that the clerk *must* enter judgment in conformity with the verdict, unless a different direction be given by

the court. (§ 264.) After a trial by the court, without a jury, the decision shall be filed with the clerk, &c. and "judgment upon the decision shall be entered accordingly." (§ 267.) On a trial by referees, the report shall stand as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court. (§ 272.) But all these provisions are subordinate to the direction contained subsequently in section 278, that judgment upon an issue of law or of fact, &c. shall, in the first instance, be entered upon the direction of a single judge, or report of referees. On a trial by jury, probably the oral direction of the judge at the circuit to the clerk to enter judgment for the verdict, with costs, will be sufficient, the clerk being authorized by the Code to adjust the costs and include them in the judgment. Where the trial is by the court, and the judgment contains directions other than for the payment of money only, it is not sufficient to obtain and file his decision in writing under section 267. The judge must also, pursuant to section 278, direct the entry of the judgment ; and this is another and different part of the final record than the decision referred to in section 267. (*The Schenectady P. R.* v. *Thatcher,* 6 *How. Pr. R.* 226.) Perhaps the direction to enter the judgment need not, necessarily, be in writing, but it is a convenient practice, as the judgment is usually settled out of court.

In the case at bar, nothing was wanting to make a complete and final determination, so far as I can perceive, except that the judgment roll had not been made up and filed. The form of the judgment had been drawn up and settled before the judge who tried the cause ; he had directed the clerk, in writing, to enter it, and had signed it with his initials, according to the customary practice. There were no costs awarded to either party, so that there was no want of completeness in that respect.

When the notice of this judgment was served, the pleadings were not all on file. It was not then in the power of

the clerk to make up a judgment roll.   And in the case of an appeal, he could not have furnished a copy of the judgment to the appellate court in such condition that it could have been reviewed.   Under the decisions, an appeal taken while the judgment was so incomplete, would have been dismissed on motion.   (*Lentilhon* v. *Mayor, &c.* 3 *Sandf.* 721.   *Fry* v. *Bennett,* 16 *How. Pr. Rep.* 402.)

While the judgment remained so incomplete that an appeal must have been dismissed, if moved, it would be unreasonable to hold that notice could be given, limiting the time within which the opposite party is permitted to appeal.

The successful party can not complain of this rule, as he has it in his power to make up the judgment roll, and file it with the clerk, and thereupon give his notice to the opposite party.

The motion to dismiss the appeal should be denied ; but without costs, as the question appears to be new.

INGRAHAM, P. J.   The question on this motion is, when does the time for appealing from a judgment commence to run ?  Is it from the decision of the judge ; the order by the judge to enter the judgment ; the entry of it in the judgment book ; or the filing the judgment roll ?

By section 278 of the Code, judgments shall, in the first instance, be entered on the direction of a single judge, &c. Such direction can not be the judgment, because it is to be entered after the direction is given.   Section 279 directs that a book for the entry of judgments shall be kept by the clerk, to be called the judgment book.   This directs the place in which the judgments are to be entered after the order or direction is given by the judge therefor.   Section 280 directs that the judgment shall be entered in this book, and shall specify the relief granted or determination of the action. This question was long since examined in the third district, by Harris, J. in *Schenectady and Saratoga Plank Road* v. *Thatcher,* (6 *How. Pr. Rep.* 226,) in which he says : " The

clerk has supposed that in a case like this, where the decision of the judge is made in writing, and filed, such decision is a sufficient judgment to answer the requirements of the statute. I am inclined to think this no uncommon error. Until judgment is thus entered, the clerk is not authorized to make up the judgment roll. Such entry in the judgment book, and copy of it in the roll, is the only record evidence that judgment has been perfected." And he held that a judgment roll which contained the decision of the judge in writing, but not a copy of the entry in the judgment book, was defective and did not contain the judgment to be entered.

In *Lentilhon* v. *The Mayor, &c.* (3 *Sandf.* 721,) Sandford, J. held that, although the judge had directed the judgment to be entered, still there was no judgment until the judgment was entered in the judgment book. He says : "In order to make this entry, the clerk, besides the judge's direction, was required to adjust the amount of the plaintiffs's costs, and the interest accrued on the verdict. Both of these items must be inserted in the entry of the judgment. Then, and not before, the judgment would be complete ; and the clerk could make up the roll." He therefore held, that an appeal before the entry in the judgment book was premature. He adds : "It is obvious it should be so, because, after an appeal, the court below, (the special term,) can properly act no further in the matter, unless the judgment be reversed."

The time of appealing does not commence to run until written notice of the judgment shall have been given to the party appealing. (§ 332 *of the Code.*)

In *Fry* v. *Bennett*, (16 *How.* 402,) the general term of the Supreme Court held, that the notice could not be given until the judgment was rendered and entered. I am not able to find any decision to the contrary of these cases, and my conclusion is, that the notice of the judgment given in this case before the judgment was entered was premature, and that this motion should be denied.

Sherman *v.* Postley.

GEO. G. BARNARD, J. (dissenting.) The main question in this case is, whether judgment was entered December 26, 1863. It is contended that it was not, because, 1st. No judgment roll was then made up. 2d. The judgment was not actually transcribed in the judgment book.

Neither of these objections is good. As to the first, the Code provides for making up the roll after the entry of judgment. (§ 281.) As to the second, after the judgment to be entered has been drawn out in form, been settled by the judge who tried the cause, as to its form and the provisions it contains, after hearing counsel on both sides, and has received the allocatur of the judge, the provisions and adjudications in the paper so drawn out in form and directed to be entered by the judge, become and are the judgment in the case. The moment such paper is left with the clerk, the law regards the judgment as entered *eo instanti* in the judgment book. On these principles the judgment in this case was entered December 26, 1863. The caption of the judgment so entered was November, 1863. The notice of the judgment, therefore, properly referred to it as made November, 1863.

The appellant not having appealed within thirty days after the service of the notice of the judgment, entered December 26, 1863, his appeal must be dismissed. He can not, by going to the clerk's office and having a judgment roll made up and the judgment actually transcribed in the judgment book, as of a date subsequent to the time when the judgment with the judge's direction to enter it, at the foot, was filed with the clerk, extend his time to appeal.

Motion denied.

[NEW YORK GENERAL TERM, November 6, 1865. *Ingraham, Leonard* and *Geo. G. Barnard,* Justices.]