## MICHAEL C. DORR

### *vs.*

## MATHIAS MICKLEY, Sheriff, &c.

Notwithstanding error may have occurred in the course of a trial, if it is apparent to the appellate court, from the whole case, that a new trial would not change the result previously arrived at, a new trial will not be granted.

Where a person, at the time a deputy sheriff, by virtue of a chattel mortgage, at the request of the mortgagee, took from the possession of the mortgagor property described in the mortgage, and delivered it to the mortgagee, and afterwards informed the sheriff what he had done in the premises, and the sheriff approved the action of his deputy, and afterwards took a bond from the mortgagee to keep the property, the sheriff and his deputy both believing that the action of the latter was official in its nature, the sheriff is not liable in an action for the recovery of the property.

A sheriff is not liable for an unofficial act of his deputy, when the deputy performed it as an official act and afterwards informed the sheriff of what he had done, and the sheriff expressly approved the same, both the sheriff and his deputy believing the act to be official in its nature.

This action was commenced in the district court for Stearns

Dorr v. Mickley.

county, against the defendant, who was sheriff of the county, to recover possession of two horses and two halters.

The plaintiff, Dorr, having given to one Peter Brauch a chattel mortgage in the common form, upon the horses, and this mortgage being due and unpaid, one M. Lauerman, a deputy of defendant, at the request of Brauch, but without directions from the defendant and without his knowledge, took the horses, with the halters upon them, from the possession of the plaintiff, for the purpose of foreclosing the mortgage.

After a trial by jury, and verdict for the defendant, the district court on motion of the plaintiff, granted a new trial for the reasons :

1st. That the judge at the trial erred in rejecting evidence offered by the plaintiff, and tending to prove a tender by him to Brauch, of the full amount due upon the mortgage, prior to the taking by Lauerman ; and

2nd. That the judge at the trial erred in charging, at the request of the defendant, "that if the jury believed the property was mortgaged to Brauch, and the mortgage was due and unpaid, the absolute title to the property was in Brauch ; and Dorr had no title or right of possession to the same, and cannot recover in this action. "

From the order granting a new trial the defendant appealed to this court.

All other facts necessary to a right understanding of the case appear in the opinion.

Hamlin & Moore for Appellant.

Hays & Kerr for Respondent.

*By the Court*—McMillan, J.—This is an action to recover the possession of certain personal property, which

it is alleged, the defendant wrongfully took and detains from the plaintiff, together with damages for such detention.

The cause was tried by a jury in the court below, and resulted in a verdict for the defendant. The court, on motion of the plaintiff, granted a new trial; and from the order granting such new trial the defendant appealed to this court.

It appears that, after the original pleadings were settled, the complaint was amended; and upon the trial an amendment was allowed to the answer, as follows: "That he took the halters, in said amended complaint mentioned, by and with the consent of said plaintiff; and the defendant denies that demand was made for said halters, as in said complaint is alleged, or otherwise;" and it was agreed between the attorneys of the respective parties, that this should "be considered as a part of the original answer, and as incorporated therein, and the answer already served shall be considered as putting in issue the allegations, and each and every one of them, of the amended complaint, except as expressly admitted in original answer, and except as above stated."

On the argument of the cause in this court, Judge Hamlin, who argued the cause for the appellant, stated that, by the amendment to the answer above quoted, it was intended to allege the taking of the halters by Lauerman, not by the defendant; and that the pronoun "he" refers to Lauerman, and was so understood by all parties on the trial. This would seem to harmonize entirely with the agreement, that the amendment "shall be considered as a part of the original answer, and *as incorporated therein.*" In view of the stipulation, that the answer "shall be considered as putting in issue the allegations and each and every one of them in the complaint, except as admitted" in the answer, the determination of the plaintiff's motion to strike out certain

portions of the answer would seem to be correct, even if in the absence of the stipulation it would be otherwise, which however we do not intend to intimate. We proceed then to consider the merits of the appeal.

If it is apparent to the appellate court, from the whole case, that a new trial would not change the result already arrived at in the case, notwithstanding error may have occurred in the course of the trial, a new trial will not be granted.

There seems to be no doubt whatever that the horses, which are the subject of this action, were taken from the plaintiff by Lauerman, by virtue of a chattel mortgage upon them, executed by the plaintiff to one Peter Brauch, which was past maturity, and was in fact unpaid; that such taking was at the request of Brauch, the mortgagee; that the halters were upon the horses; and that the property was delivered to Brauch by Lauerman; that Mickley, the defendant in this action, was, at the time sheriff of Stearns county, and Lauerman was his deputy; that Mickley had no knowledge of the taking until after the delivery of the property by Lanerman to the mortgagee; that, after such delivery of the property, Lauerman informed the defendant, that he had taken the property as deputy sheriff, and delivered it as aforesaid; that Mickley thereupon approved Lauerman's action in the premises, and afterwards, upon a demand by plaintiff for a return of the property, Mickley admitted that he had the property, and said that Brauch had agreed to give him a bond to keep the horses and halters; and that if he did not, he would return the property; if he did, he should keep it. It also appeared that Brauch executed a bond and retained the property until replevied. All the parties, or at least, Mickley the sheriff, Lauerman his deputy, and Brauch the mortgagee, appear

to have thought that the taking of the property under the mortgage was an official duty of the sheriff.

In accordance with this view, we find that Lauerman professed to act in the capacity of deputy sheriff, and in no other capacity whatever, and it was on that ground, and to that extent, only, that Mickley, the sheriff, recognized or approved his action in the premises.

We need scarcely say that the parties were mistaken in their belief in this matter. The taking of the property under the chattel mortgage was not an official duty, or act, of the sheriff, but a mere private act, authorized by the mortgage, which could be performed by the mortgagee or any person for him. The approval of Lauerman's action in taking and delivering the property to Brauch, therefore, having been made by Mickley the sheriff, under this mistaken view of the law, had no effect to bind him, or make him responsible for such action. This being so, and it appearing beyond doubt that Mickley had nothing whatever to do with the actual taking of the property, and knew nothing of it until after it had been taken and delivered by Lauerman to Brauch, the mortgagee, there would seem to be no ground of liability on the part of the sheriff, unless, by taking the bond mentioned in the evidence, he has rendered himself liable. When demand was made upon the sheriff by Dorr, or his agent, for the return of the property, he admitted the possession of the same, and said that Brauch had agreed to give him a bond to keep the horses and halters; and if he did not, he would return the property; if he did, he should keep it.

It is very clear from the evidence, that the property referred to had been delivered by Lauerman to Brauch under the chattel mortgage, and was in his actual possession at the time of this demand; and that the admission of pos-

Dorr v. Mickley.

session by Mickley was made under the mistaken belief, already referred to, that this taking was his official act, through his deputy, and that he had control of the property, although it was in the actual possession of Branch the mortgagee. Lauerman having acted only as the agent of the mortgagee, and not in his official capacity as deputy sheriff, Mickley the sheriff, never having had any actual connection with the transaction, had no right whatever to interfere with Branch in his possession. Branch held the property under his mortgage, and entirely independent of the sheriff; the latter had no control whatever over it. It does not appear that the possession or control of the property was affected in any degree by this bond. What the terms of the bond are, does not appear. If it was a mere bond of indemnity to Mickley, it could not be important; for that would not under any circumstances affect the possession or control of the property: and if it was for the delivery of the property to Mickley, upon the happening of any event, it could not affect this case; for the possession or control of the property would be unaffected till the happening of the event, by which the bond became operative.

The taking of the bond, therefore, could not render the sheriff liable in this action for taking and detaining the property.

We are, therefore, of opinion, that the defendant cannot be held liable in this action. A new trial would, therefore, be altogether useless, as it must result in a verdict in favor of the defendant. The order granting a new trial is reversed.