Webb v. Kennedy.

---

## ISAAC W. WEBB

### *vs.*

## MARTIN F. KENNEDY.

*Finney vs. Callendar*, 8 *Minn.* 43, followed and applied to this case as to the point, that judicial notice is taken of the course of the calendar.

*Dorr vs. Mickley*, 16 *Minn.* 25, followed and applied as to the point, that a new trial should not be granted when it will not effect the result of a trial which has already taken place.

Refusal to disturb the judgment in this case, upon the plaintiff's claim that the findings are not justified by the evidence.

Appeal by plaintiff from a judgment of the court of common pleas for Ramsey county; the action having been tried by the court without a jury. The case is stated in the opinion.

U. L. LAMPREY, for Appellant.

DAVIS, O'BRIEN & WILSON, for Respondent.

*By the Court.*—BERRY, J.—Plaintiff seeks to recover, first, four dollars upon a *quantum meruit*, for the hire of a horse, let by him in his business as the keeper of a livery stable, to the defendant. The answer alleges that the hiring was upon the eighth day of October, 1871. As judicial notice is taken of the course of the calendar, this is a sufficient allegation of the *fact* that the hiring was upon Sunday. *Finney vs. Callendar*, 8 *Minn.* 43; 1 *Taylor on Evidence*, § 14, *and note* 9.

The court below finds that the horse was hired "on or about the eighth day of October, 1871," and orders judgment for the defendant for his costs. Strictly speaking, the court should, upon the evidence, have found distinctly and specifically, as a fact, that the hiring was upon Sunday, and as a conclusion of law, that therefore, by reason of the illegality of the contract, plaintiff could not recover. *Gen. Stat. chap.* 100, *sec.* 19; *Brimhall vs. Van Campen*, 8 *Minn.* 13. But this oversight in the finding furnishes no sufficient ground for a new trial, since the testimony upon both sides of the case, including the personal testimony of the plaintiff himself, shows beyond all question that the hiring was a Sunday contract, so that, so far as this cause of action is concerned, it is to be presumed that a new trial would not affect the result of that which has already taken place. *Dorr vs. Mickley*, 16 *Minn.* 25.

Plaintiff seeks further and secondly to recover damages in

Webb v. Kennedy.

the sum of one hundred dollars for the loss of the horse, let as aforesaid, in consequence of alleged immoderate driving, abuse and ill treatment of the same by defendant. As to this count in the complaint, the learned judge below finds that " the horse was carefully and reasonably ridden, and was not abused in any respect whatever." The testimony as to the facts involved in this finding was conflicting, though the testimony on plaintiff's part was directed to the condition of the horse when he went out and when he came in, and therefore tended to show, by way of *inference* only, how he had been ridden and treated, while the testimony on defendant's part, especially that of defendant's brother, (who used the horse,) was the testimony of persons who spoke from personal observation and knowledge of the riding and treatment, as the same actually occurred. To be sure, it does appear without contradiction that the horse was ridden upon a very warm day about twenty-five miles without watering, yet the mere neglect to water him would hardly account for his death. Indeed the plaintiff does not seem to have claimed upon the trial that the death was owing to the failure to water,—the only evidence as to this point appearing in the testimony in chief of one of defendant's witnesses in answer to a specific inquiry as to when and where the horse was watered.

Upon the whole, then, although we must confess that the testimony, as it appears upon paper, leaves us in considerable doubt as to whether the court below was right in finding that defendant was not guilty of negligence, yet considering that the court below had the advantage of seeing the witnesses upon the stand and hearing the testimony, and as there is certainly evidence in the case having a reasonable tendency to sustain the conclusion arrived at, we do not feel at liberty to disturb the judgment recovered by defendant.

Judgment affirmed.