Per Curiam.
Section 1,354 of the Code provides that when judgment of affirmance is rendered upon the appeal, the judgment roll consists of a copy of the judgment annexed to the papers upon which the appeal was heard. The papers upon which the appeal was heard and determined were the printed case and exceptions. Section 1,238 states that the judgment roll must be prepared and furnished to the clerk by the attorney for the party at whose instance the final judgment is entered; except that the clerk must attach thereto the necessary original papers on file. But the clerk may, at his option, make up the entire judgment roll.
It was therefore the duty of the respondent to prepare and file a proper judgment roll, based on the decision of the general term, by which the judgment appealed from was affirmed on certain conditions, and the appellant has a right to insist upon the performance of that duty (Lentilhon v. Mayor, &c., 3 Sandf. 721 ; Rust v. Hauselt, 69 N. Y. 485). The affidavit of the appellant and the certificate of the clerk show that this has not been done, so that section 1,238 has not been complied with.
*204 It is claimed, however, that although the case, as originally proposed by the appellant, the amendments proposed thereto by the respondent, and the settlement made by the judge who tried the cause, together with the notice of appeal, were properly tiled, the motion was properly denied because the appellant failed, before the hearing of the appeal, to file a copy of the printed case and exceptions as settled. True, this should have been done, and on the argument the certificate of the clerk should have been produced, showing-that it was done, and if the respondent had called the attention of the general term to the appellant’s omission in that respect, the court would have enforced the-rule. But the omission constituted only an irregularity, and both parties having invoked the action of the-court as though all preliminaries had been fully complied with, and the court having thereupon determined the appeal on that assumption and upon the number of printed copies handed up as required by the rules, the respondent cannot now be permitted to defeat the appellant’s right of review in the court of appeals by declining to perfect a judgment pursuant to the decision procured.
The order appealed from should be reversed, with costs, and an order granted requiring the respondent to-enter judgment upon the decision made by the general term, and to file a judgment roll; and providing that in doing so, he may file one of the printed copies submitted on the argument and now in the hands of the clerk of the general term of this court, as the printed case and exceptions ; and further providing that in case-of the respondent’s failure to comply with said order -within twenty days, the appellant, after the expiration of said twenty days, may enter judgment and prepare the judgment roll.