MATTHEW RICHARDSON *vs.* LUTHER Z. ROGERS and others.

November 25, 1887.

**Judgment—Omission of Costs—Lien—Appeal.**—As respects the lien or validity of a judgment informally entered and docketed without the taxation and insertion of costs therein, the omission is to be treated as an irregularity merely. But for the purposes of an appeal, the prevailing party, seeking to limit the right of his adversary, is to be held to strict practice, and the judgment is not to be deemed perfected until the costs to which he is entitled are duly taxed and inserted in the judgment.

**Practice — Bill of Exceptions — Allowance after Expiration of Time for Appeal.**—A party is not entitled to have a case or bill of exceptions settled and allowed as a basis for a motion for a new trial, after the time to appeal from a final judgment, duly perfected and entered in the same action, has expired.

**Appeal—Order Refusing to Allow Bill of Exceptions.**—An order of the district court dismissing an application for the settlement of a bill of exceptions is not appealable.

The plaintiff appeals from an order of the district court for Le Sueur county, *Edson*, J., presiding, refusing to allow or settle a pro-

posed case. It appears from the record that judgment was entered in favor of the defendants, in the form recited in the opinion, on July 6, 1886, and it does not appear that the costs were ever inserted in the judgment. This appeal was taken on January 17, 1887. Respondents move to dismiss the appeal.

*Townley & Gale*, for appellant.

*M. R. Everett* and *A. C. Brown*, for respondents.

VANDERBURGH, J. The plaintiff applied to the judge of the district court, upon order to show cause, for an allowance and settlement of the bill of exceptions prepared by him in the case, to which amendments had been duly served by defendant. The application was regular in form, but was denied, and the order discharged, and from the order denying such application the plaintiff appeals. The defendants move to dismiss the appeal, on the ground that the time to appeal from the judgment has expired and no appeal has been taken, and that it is therefore too late to apply to the court for a settlement of the exceptions. The plaintiff, however, contends that no such final judgment has been entered as to limit the time to appeal, on the ground that the judgment is manifestly incomplete and imperfect, in that the costs to which defendants are entitled, by virtue of the decision in their favor, were not inserted in and made a part of the judgment. It is thereby adjudged "that this action be and is hereby dismissed on the merits, and it is further adjudged and determined that the said defendants recover of said plaintiff the sum of ——— dollars, costs and disbursements of this action."

The costs properly constitute a part of the judgment, and, unless they are waived or released by the prevailing party, he is as much entitled to have them included as other relief. For the purposes of an appeal the cases in New York and in Wisconsin hold, under substantially similar statutory provisions, that a judgment is not perfected until the costs are inserted, and hence the time to appeal does not run against the defeated party until they are properly taxed and included in the judgment. *Andrews* v. *Welch,* 47 Wis. 132, (2 N. W. Rep. 98;) *School-District* v. *Kemen,* (Wis.) 32 N. W. Rep. 42; *Lentilhon* v. *City of New York,* 3 Sandf. 721; *McMahon* v. *Harrison,* 5 How. Pr. 360; *Sherman* v. *Postley,* 45 Barb. 348, 352; *Champion*

v. *Plymouth Soc.*, 42 Barb. 441. While something may be said upon the other side of the question, yet we think this construction establishes the better rule.

As respects the lien or validity of a judgment, the omission to include costs, or an insertion therein of costs taxed without notice, is to be treated as an irregularity merely. *Dix* v. *Palmer*, 5 How. Pr. 233; *Potter* v. *Smith*, 9 How. Pr. 262; *Tracy* v. *Humphrey*, 1 Code R. (N. S.) 197; *Leyde* v. *Martin*, 16 Minn. 24, (38.) A party may enter and docket his judgment so as to secure a lien without waiting to give notice of taxation of costs, and, upon a retaxation, the record may be amended, and, if the costs are reduced, the amount of such reduction may be indorsed on the execution if previously issued. But as held in *Champion* v. *Plymouth Soc.*, *supra*, a party seeking to avail himself of the statutory limitation of his adversary's right to appeal, should be held to strict practice.

In *McMahon* v. *Harrison, supra*, it is suggested that until the costs are taxed it cannot be known, in cases where proceedings are to be stayed, in what sum the sureties are to justify, and that it is better that the practice be uniform, whether a stay is had or not. But a stronger reason for the rule is suggested by the practice under which the action of the district court in the adjustment of costs is reviewed in this court. Errors in the taxation of costs can only be reached on appeal from the judgment, as an intermediate order affecting the judgment. *Closen* v. *Allen*, 29 Minn. 86, (12 N. W. Rep. 146.) The order of the district court on appeal from the clerk's adjustment must be made before the judgment appealed from is finally perfected. See *Cord* v. *Southwell*, 15 Wis. 211, 215, where it is said by Dixon, C. J.: "Costs constitute a part of the judgment, and I do not think it can be deemed perfected until they are ascertained and included; and, therefore, though the order [adjusting costs] may in fact have been made after the judgment was otherwise complete, yet for the purpose of appeal and review it must be taken to have been made before."

Upon the state of the record before us we conclude, therefore, that the appellant has not lost his right to appeal from the judgment or move for a new trial.

But the right to have a case or exceptions settled, or to move for a new trial, is presumptively gone when the time to appeal from the judgment in the action has expired. *Deering* v. *Johnson,* 33 Minn. 97, (22 N. W. Rep. 174;) *Bonesteel* v. *Bonesteel,* 30 Wis. 151. Upon a former motion, not finally determined, the question here decided was not fully presented or considered.

The motion to dismiss the appeal must, however, be granted, (though not upon the ground urged by respondents,) because the order appealed from is not appealable. The refusal of the trial court or judge to settle or certify a case cannot be reviewed on appeal. The remedy is *mandamus.* *State* v. *Cox,* 26 Minn. 214, (2 N. W. Rep. 494;) *State* v. *Macdonald,* 30 Minn. 98, (14 N. W. Rep. 459.)

Appeal dismissed.