AMELIA B. FALL *vs.* WILLIAM J. MOORE. (2d Case.)

March 17, 1891.

**Appeal from Judgment—Review of Order as to Costs.**—An order affirming the clerk's refusal to allow and insert costs in the judgment on the application of the prevailing party may be reviewed on appeal from the judgment, though it had been informally entered without costs prior to such order.

*Certiorari*, to review the order of the district court for Hennepin county, *Smith*, J., presiding, to review the order respecting costs which is considered in the opinion.

*James A. Kellogg*, for relator.

*White & Evans*, for respondent.

VANDERBURGH, J.[1] The defendant obtained a writ of *certiorari* from this court to review an order of one of the district judges of Hennepin county, refusing to allow costs to be taxed and inserted in the judgment. We are met *in limine* by the question whether defendant had not an adequate remedy by appeal. We are of the opinion that he had, and that the order in question should be embraced in the record on appeal from the judgment, and would properly be considered on such appeal. The case was tried by the court, and judgment ordered dismissing the action, with costs and disbursements to be taxed. Immediately upon the filing of the decision and order for judgment, the defendant caused judgment to be entered in pursuance thereof, and "for his costs and disbursements" generally, which, however, were not taxed or included therein. The entry of judgment without the formality of the taxation of costs was merely an irregularity in practice. The defendant does not appear to have waived his costs. He immediately took steps to have them taxed and inserted in the judgment, and, unless waived, his legal right to have them so inserted was unquestionable. *Leyde* v. *Martin,* 16 Minn. 24, (38;) *Richardson* v. *Rogers,* 37 Minn. 461, (35 N. W. Rep. 270.) And, as respects the adjustment of costs, the judgment is not deemed to be perfected until the same are included or disallowed. For the purposes of appeal, therefore, the order in relation to the allowance and adjustment thereof may be treated as if made before the judgment and as affecting the judgment. *Cord* v. *Southwell,* 15 Wis. 211; *Richardson* v. *Rogers, supra.* A subsequent formal modification of the judgment could hardly be necessary.

Writ quashed.

[1] Mitchell and Collins, JJ., took no part in this case.