ERNEST MIELKE v. GEORGE NELSON.[1]

October 19, 1900.

Nos. 12,037—(195).

**Appeal from Judgment—Richardson v. Rogers Distinguished.**

*Held*, distinguishing Richardson v. Rogers, 37 Minn. 461, that the judgment here in question is upon its face a complete and final one, and that the district court erred in dismissing an appeal therefrom.

[1] Reported in 83 N. W. 836.

Appeal by defendant from a judgment of the district court for Winona county in favor of plaintiff, entered pursuant to the order of Snow, J. Reversed.

*Henry M. Lamberton* and *Brown & Abbott*, for appellant.

*Webber & Lees*, for respondent.

START, C. J.

This action was begun in the municipal court of the city of Winona. A rule of practice of that court provides that, where a party who is entitled to judgment upon a verdict or findings of the court neglects to enter the same for ten days after the verdict or notice of the filing of the findings, the opposing party may cause the same to be entered by the clerk on three days' notice to the adverse party. On March 30, 1899, the court in this case filed its findings of fact and conclusions of law, to the effect that the plaintiff was entitled to recover from the defendant the sum of $22.45, with interest, and directed judgment to be entered accordingly, with taxable costs and disbursements to the plaintiff. On April 13 next thereafter, the defendant's attorneys served notice on the plaintiff's attorneys that the defendant would apply to the clerk of the court on the 17th day of the same month to have judgment entered in this action as awarded by the court. The plaintiff did not appear in response to the notice or otherwise, and such proceedings were had before the clerk that judgment was entered in favor of the plaintiff for $22.45, with interest, but without any costs or disbursements. This judgment found, as stated on its face, by way of recitals, that the summons was duly served, and parties appeared and joined issue; that the cause was tried by the court, and its finding and decision filed directing judgment as already stated; and, further, that the plaintiff failed and neglected, for the period of ten days after notice of such decision and filing, to enter such judgment; that the defendant, after this period of ten days had expired, gave due notice that he would apply to have the judgment entered. The judgment then concluded as follows:

"Now, on motion of Brown & Abbott, attorneys for said defendant, it is hereby adjudged that Ernest Mielke, plaintiff herein, recover of said defendant the sum of $26.12."

The defendant appealed from the judgment to the district court of Winona county. Thereupon the plaintiff, on affidavit showing that neither he nor his attorneys ever had any notice of the filing of the court's decision until the defendant served notice that he would apply to have the judgment entered, moved the court to dismiss the appeal. The district court dismissed the appeal, and thereafter such further proceedings were had in the district court that judgment was entered thereon ostensibly pursuant to Laws 1895, c. 24, against the defendant, for the sum of $26.12, damages recovered in the municipal court, and for the further sum of $25.45, his costs and disbursements. The defendant appealed from this judgment to this court.

The only assignment or error which we find it necessary to consider is that the district court erred in dismissing the appeal from the judgment of the municipal court. The basis of such action of the district court was that the judgment was not a complete one; hence it was not appealable. This is also the only ground upon which it is here sought to sustain the ruling of the trial court. It is claimed that the judgment was incomplete and nonappealable, because the plaintiff's costs and disbursements had not been taxed and inserted therein. It is the settled law of this state that such costs as the prevailing party is legally entitled to properly constitute a part of the judgment, and he is entitled, unless waived or released, to have them inserted therein. Therefore, where it does not appear on the face of the judgment that he has waived his right to such costs, but does appear that he intends to insert therein the amount thereof when ascertained, the judgment is incomplete, and no appeal lies from it until the costs are taxed and inserted. Richardson v. Rogers, 37 Minn. 461, 35 N. W. 270. In the case cited it clearly appeared on the face of the judgment that it was incomplete, and that the right to tax the costs had not been waived, for there was a blank left in the judgment for the purpose of inserting the amount of the costs when taxed. That case, however, has no application to the judgment here in question, which is a complete and final judgment on its face, and shows, when read in connection with the rule of court we have referred to, that the plaintiff had waived his right to tax costs. The judgment, although entered by the

clerk, was, until it was set aside or modified on motion or reversed on appeal, the judgment of the court. Dillon v. Porter, 36 Minn. 341, 31 N. W. 56.

But the plaintiff insists that the defendant had no right to enter the judgment in any other manner than that provided by the rule. This may be conceded, but the judgment shows on its face that the rule was complied with, and that the defendant was legally entitled to have it entered; for the judgment expressly finds and determines that the plaintiff failed for ten days after he had notice of the filing of the court's decision to enter judgment, and that thereafter the defendant gave him due notice that he would apply to have the judgment entered. The parties are bound by this judgment, whether erroneous in fact or not, until it is set aside in some proper proceeding, and its appealability must be determined upon the face of the record, and not upon extraneous facts, presented for the first time in the appellate court. While the rule does not, in express terms, provide that, if the prevailing party neglects for ten days after notice of the filing of the court's decision to have judgment entered, and neglects, after notice from the opposite party that he will apply at a time certain to have judgment entered, to have his costs taxed, he thereby waives his right to costs, yet such is manifestly its proper construction; otherwise, the rule would be a nullity. The rule gives the defeated party the right to have a complete judgment entered, and one from which he can appeal, if he brings himself within the rule. Now, if the prevailing party may refuse or neglect, after notice that the defeated party will apply to have the judgment entered, to have his costs taxed, so that the amount thereof may be entered in the judgment, it is in his power to defeat the very purpose for which the rule was adopted, and prevent a complete judgment being entered; for the defeated party cannot know the amount or items of his adversary's costs, and must, of necessity, omit them from the judgment, if the latter neglects to tax them after notice. The judgment here in question being on its face a complete and final judgment, it follows that it was appealable, and that the trial court erred in dismissing the appeal.

Judgment reversed, and cause remanded to the district court, with direction to entertain jurisdiction thereof.