PETER KEARNEY v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

May 10, 1907.

Nos. 15,144—(42).

**Appeal from Judgment.**

The time within which an appeal may be taken from a judgment, complete and perfect on its face, expires six months from the date of its entry.

**Same—Taxation of Costs.**

The pendency of an appeal from the clerk's taxation of costs and disbursements, which are allowed by the clerk and included in the judgment, does not suspend the operation of the statute fixing the time for appeal from the judgment.

**Case Distinguished.**

Richardson v. Rogers, 37 Minn. 461, distinguished.

Appeal by defendant to the district court for Scott county from a judgment in justice court entered in favor of the plaintiff for $90 and costs. The appeal was tried before Morrison, J., and a jury, which rendered a verdict in favor of plaintiff for $49.28. From the part of the judgment consisting of costs and disbursements taxed in

[1]Reported in 111 N. W. 923.

favor of plaintiff, defendant appealed to the supreme court. Motion to dismiss the appeal granted.

*Nelson J. Wilcox,* for appellant.

*H. J. Peck,* for respondent.

BROWN, J.

This action was brought in justice court, where plaintiff had judgment for $90 and costs. Defendant appealed to the district court upon questions of both law and fact. On the trial in that court plaintiff had a verdict for $49.28. Plaintiff gave notice of taxation of costs and disbursements, to which defendant objected, on the ground that the recovery had before the justice was, in the district court, reduced one-half; it being insisted that $4.28 of the verdict represented interest on the damages awarded, and that plaintiff was not, therefore, entitled to either costs or disbursements. The clerk overruled the objection, taxed the costs and disbursements, and entered judgment for plaintiff accordingly. Judgment was so entered on June 21, 1905. Thereafter defendant appealed from the clerk's taxation, but the appeal was not brought before the court for hearing until June 19, 1906, when an order was entered affirming the clerk's decision. On August 7, 1906, defendant appealed from the judgment. Plaintiff moves to dismiss the appeal on the ground that it was not taken in time.

The motion is granted. R. L. 1905, § 4364, provides that an appeal from a judgment may be taken at any time within six months from its entry. The judgment in this case was entered June 21, 1905, but the appeal was not taken until August, 1906, more than a year thereafter. To avoid the effect of this delay counsel for defendant insists that, inasmuch as an appeal had been taken from the clerk's taxation of costs, the rights of the parties were not definitely fixed until the order affirming his action was filed; hence, that the time for appeal commenced to run from the date of that order, June 19, 1906.

Richardson v. Rogers, 37 Minn. 461, 35 N. W. 270, is cited in support of this position. The case is not in point. In that case the costs had not been taxed at the time the judgment was entered, a blank space was left therein for their insertion when taxed, and the judgment was imperfect and incomplete upon its face. In view of that condition of things, the court properly held that the time for appeal

did not commence to run until the judgment was perfected by the taxation and insertion therein of the costs to which the prevailing party was entitled. In the case at bar the costs had been taxed and included in judgment. The judgment was perfect and complete upon its face, and the rule of the case referred to does not apply. Mielke v. Nelson, 81 Minn. 228, 83 N. W. 836.

Though the sole question defendant sought to review on the appeal from the judgment was the right of the plaintiff to costs and disbursements, and though that question could not be reviewed until passed upon by the district court on appeal from the clerk's taxation, the appeal from the judgment should nevertheless have been taken within the statutory period of six months. Defendant should have brought its appeal from the taxation to a hearing within the time for appeal from the judgment, and secured a determination thereof, and its failure to do so cannot be held to extend the time for an appeal from the judgment. Plaintiff had a perfected judgment, and was under no obligation or duty to speed a hearing on the question of costs.

Appeal dismissed.