GRACE H. GRIFFIN, Respondent, *v.* WILLIAM H. GRIFFIN, Appellant.

First Department, February 6, 1925.

**Divorce — motion to vacate interlocutory judgment — motion made on ground that interlocutory judgment was entered before judgment roll filed.— failure to file roll did not affect entry of judgment under Rules of Civil Practice, rule 201 — motion denied.**

The failure to file a judgment roll in a divorce action does not, under rule 201 of the Rules of Civil Practice, prevent an entry of the interlocutory judgment nor affect a judgment if it is entered prior to the time when the judgment roll is filed, and, therefore, a motion to vacate the interlocutory judgment on the ground that the judgment roll was not filed at the time the interlocutory judgment was entered should have been denied.

APPEAL by the defendant, William H. Griffin, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of October, 1924, granting plaintiff's motion to vacate the interlocutory judgment in an action for divorce without prejudice to plaintiff's application for leave to file judgment, and also from an order entered in said clerk's office on the 18th day of November, 1924, denying defendant's motion for a reargument.

*William J. Cullen* [*William H. Griffin* with him on the brief], for the appellant.

*Warren Leslie,* for the respondent

MARTIN, J.:

The defendant appeals from an order made at Special Term vacating the interlocutory judgment in a divorce action and permitting plaintiff to apply for leave to file another judgment. The ground upon which the order was granted is stated to be that the county clerk was without authority to enter a judgment on October 3, 1924, as of June 24, 1924. The judgment roll was not made

up until October 3, 1924, because the plaintiff did not file the summons and complaint until required to do so by an order of the court made September 29, 1924.

The record presents an appeal from the original order of October 27, 1924, vacating the interlocutory judgment as well as an appeal from an order of November 17, 1924, denying defendant's motion for a reargument.

In opposition to the application for the order appealed from defendant filed an affidavit, verified October 8, 1924, supported by a certificate of the county clerk, dated October 3, 1924, in which he certifies that a decision and interlocutory judgment of divorce in favor of plaintiff in this action *was entered* in his office June 24, 1924, and that no order in the action had been thereafter filed in his office except (a) an order of Special Term, July 15, 1924, substituting a new attorney for plaintiff, and (b) an order of Special Term, made September 29, 1924, directing plaintiff or her attorneys to file the original summons and complaint.

The interlocutory judgment provided that three months after its entry it should become the final judgment as of course in favor of plaintiff and against the defendant in the absence of a further order to the contrary.

The plaintiff asserts that the interlocutory judgment was not properly entered and filed within fifteen days after the plaintiff became entitled to file or enter the same, and could not be filed or become effective thereafter except by order of the court on application and sufficient cause shown as provided by section 1175 of the Civil Practice Act; and that the court had no alternative but to vacate the decree which purported to be entered October 3, 1924, as of June 24, 1924.

It was the duty of the county clerk to file the papers in this action and to make up the judgment roll. Rule 202 of the Rules of Civil Practice provides in substance that the clerk on entering final judgment shall immediately file the judgment roll; that it shall be prepared and furnished to him by the attorney for the party at whose instance the judgment is entered; that the clerk must attach the necessary original papers on file; but that at his option he may make up the entire judgment roll.

Section 501 of the Civil Practice Act provides in substance that each county clerk when he files a judgment roll upon a judgment rendered, must docket the judgment by entering in the proper docket book certain particulars thereof. Rule 201 of the Rules of Civil Practice requires entry and record by the clerk of all judgments in the judgment book. The entry of a judgment under the old practice required its entry by the clerk in the proper judgment

book.   (*Lentilhon* v. *Mayor, etc., of New York*, 3 Sandf. 721.)   The provisions of section 501 of the Civil Practice Act and of rule 201 of the Rules of Civil Practice are practically to the same effect and, pursuant thereto, the entry in the judgment book should take place when the judgment roll is filed.

The certificate of the clerk states that the interlocutory judgment was entered in his office on the 24th day of June, 1924.   That was the day the trial justice signed the interlocutory judgment, together with findings of fact and conclusions of law, and sent all the papers so signed to the county clerk for filing.

The judgment roll was not made up until October 3, 1924, owing to the fact that the county clerk was unable to secure the necessary papers.

It is now asserted that the plaintiff, who should have filed the pleadings, deliberately withheld them for the purpose of securing the payment of alimony awarded to plaintiff by an order providing for the payment of same during the pendency of the action.

It is argued that the interlocutory judgment was not entered until the judgment roll was made up.

It will be observed that this motion is in effect for an order that the date of entry and filing of the interlocutory judgment be changed from June 24, 1924, to October 3, 1924, and that the county clerk's minutes be corrected accordingly.

The only omission was the failure to make up the judgment roll.   The judgment was entered when it was signed, sent to the county clerk, filed in his office, and a note of its filing made.

Rule 201 of the Rules of Civil Practice provides as follows:

" Entry of judgment generally.   A judgment shall be signed by the clerk and filed in his office only during office hours, and such signing and filing shall constitute the entry of the judgment.   Judgment may be entered in term or vacation.   The clerk, in addition to the docket-books required to be kept by law, shall keep a book styled the ' judgment-book,' in which he shall record all judgments entered in his office."

As stated in *Wilson & Co.* v. *Banque Francaise du Mexique* (N. Y. L. J. June 12, 1923, p. 1008): " It is true that the County Clerk of the County of New York is also Clerk of the Supreme Court and that when papers are delivered for filing to a deputy or employee or assistant of the County Clerk, whose duty it is to file such papers, the delivery of the papers constitutes a filing, even though the Clerk, in disregard of his duty, fails to place the papers in the proper place."   (See *Fink* v. *Wallach*, 109 App. Div. 718.)

There is, of course, a clear distinction between the entry of the judgment and the filing of the judgment roll; just as there

is a distinction between the rendering of judgment and the entry thereof. (*Fish* v. *Emerson*, 44 N. Y. 376.)

The judgment in this case having been properly entered on June 24, 1924, the order should be reversed, the motion denied and the judgment reinstated.

CLARKE, P. J., DOWLING, FINCH and BURR, JJ., concur.

Order reversed, motion denied and judgment reinstated.