A. C. COX v. GEORGE H. SELOVER AND ANOTHER.[1]

May 3, 1929.

No. 27,216.

[1]Reported in 225 N. W. 282.

*Edward E. Eder,* for appellant.

*J. A. Mansfield,* for respondents.

OLSEN, C.

Appeal by plaintiff from an order denying his motion to open up a judgment for the purpose of permitting him to have fixed and inserted therein costs and disbursements in his favor, and for allowance and inclusion therein of a sum for attorney's fees incurred by him in the action; also for substituting as a party thereto, in place of George H. Selover, now deceased, the administrator of his estate.

Plaintiff brought suit on a promissory note. The litigation extended over a period of some three years. An appeal to this court is reported in 171 Minn. 216, 213 N. W. 902. Plaintiff recovered a verdict, which was here sustained. Mandate and remittitur from this court were filed in the district court on May 24, 1927. On the same day plaintiff caused judgment to be entered in that court upon the verdict for the sum of $5,652.31, without including therein any costs or disbursements. The place in the judgment for inserting the amount of costs and disbursements was left blank. On the same day defendants paid the judgment and the plaintiff gave them a satisfaction thereof, which was filed and satisfaction of judgment entered. The note upon which the action was brought provided for payment of reasonable attorney's fees in case of suit thereon. None were included in the verdict or judgment. After the entry and satisfaction of the judgment, plaintiff brought a separate action to recover the attorney's fees alleged to have been expended by him in the prior suit. He failed to recover.

The present motion was not made until one year and one month after the entry and satisfaction of the judgment. The trial court held that plaintiff's motion came under G. S. 1923 (2 Mason, 1927) § 9283, permitting the court to reopen, amend, modify, or vacate a judgment at any time within one year after notice thereof and that,

as the motion was made more than one year after entry of the judgment, it came too late. Notice to a party who himself enters a judgment in his own favor is of course not required. Plaintiff seeks to avoid the one-year limitation on the theory that the judg- •ment was incomplete because costs and disbursements had not been taxed and inserted therein. Our cases hold that, for the purpose of appeal by the judgment debtor, the judgment is not complete until costs and disbursements are taxed and inserted therein, where it appears that the judgment is incomplete in that respect and that the right to tax costs has not been waived. Richardson v. Rogers, 37 Minn. 461, 35 N. W. 270; Mielke v. Nelson, 81 Minn. 228, 83 N. W. 836. This rule was based on the holding that a party seeking to avail himself of the statutory limitation of his adversary's right to appeal should be held to strict practice.

But a failure to tax and· include costs in a judgment is an irregularity only, and the validity of the judgment is not affected thereby. Costs constitute a part of the judgment and are to be included therein, and errors in taxing or refusing to tax costs can only be reviewed on an appeal from the judgment, with reference to that part thereof involving such costs. Closen v. Allen, 29 Minn. 86, 12 N. W. 146; Richardson v. Rogers, 37 Minn. 461, 35 N. W. 270; Kearney v. C. St. P. M. & O. Ry. Co. 101 Minn. 65, 111 N. W. 923.

The motion comes here as an application to reopen the judgment for the purpose of litigating the question of attorney's fees and to amend the judgment accordingly. The fact that the judgment as entered failed to include costs and disbursements and so did not operate to limit the time within which defendants might appeal therefrom, does not have the effect of extending the time for moving for relief under § 9283. It may reasonably be inferred that one of the purposes of that section was to have judgments, incomplete or imperfect in any way, perfected within the year, so as to be thereafter final and unassailable.

In Morehart v. Furley, 152 Minn. 388, 188 N. W. 1001, it is held that when plaintiff goes through a trial, obtains a verdict, and causes a money judgment to be entered, he waives all other claims.

This holding was made in reference to a claim for other relief and is not to be construed as holding that the mere entry of judgment was a waiver of costs. But plaintiff here accepted payment of the judgment and satisfied it. That would appear to be a waiver of any further claim even for costs, unless such waiver is obviated by the fact that plaintiff on the next day commenced another suit to recover the attorney's fees claimed. We need not decide the question of waiver, for, as already indicated, we hold the motion for reopening the judgment came too late.

Order affirmed.

