Potter agt. Smith.

---

# SUPREME COURT.

## POTTER agt. SMITH.

Where, in an action for account, the defendant in his answer claims a specified sum, as a *set off*, the plaintiff, without a reply, can not notice the cause at the circuit, and take an inquest for his *whole claim*. The reason is, that the set off interposed by the defendant is *new matter*, constituting a *counter claim*, which, if not *replied* to by the plaintiff, is *admitted* by the pleadings, and can not be disregarded on the inquest.

Besides, if the defendant has no other defence, he can not make an affidavit of merits and go to trial, because his only defence is admitted.

Although it is irregular for the clerk to insert in the entry of judgment the plaintiff's costs, without notice of taxation, where the defendant has appeared, yet that will not affect the entry of judgment, if notice of retaxation be given, and the entry of judgment corrected, (if any correction is necessary,) in conformity to such retaxation. (*This agrees with the case of Stimson* agt. *Hug-*

Potter agt. Smith.

*gins, ante, p.* 86; *see also* 4 *How. Pr. R.* 414; 5 *id.* 234; 7 *id.* 490; 2 *Code R.* 49; 1 *Code R. N. S.* 197; *and* 4 *Sand. S C. R.* 684.)

*Albany Special Term, January,* 1854.   Motion to set aside judgment.

The action was brought to recover a balance alleged to be due upon the settlement of accounts between the parties.   The plaintiff demanded judgment for $114,10, with interest.   The defendant, in his answer, among other defences, claimed a set off of $40, which he alleged the plaintiff had agreed to allow. The plaintiff did not reply to the answer.   The cause was no-ticed for trial at the Schoharie Circuit, in November, 1853. No affidavit of merits was served, and the plaintiff's attorney moved the case as an inquest, and took a judgment for the amount claimed in his complaint, with interest, being $117,33. On the same day he procured his costs to be taxed by the clerk at $38,27, and perfected a judgment for $155,60; and caused a transcript to be filed in Albany county.   No notice of the adjustment of the costs, or of a readjustment was given.   The defendant moved to set aside the judgment and subsequent pro-ceedings, on the grounds, 1. That the set off was not allowed; and, 2. That no notice of the adjustment of costs had been given.

D. K. OLNEV, *for Plaintiff.*
L. TREMAIN, *for Defendant.*

HARRIS, Justice.   The answer contained new matter, con-stituting a counter claim, to the amount of $40.   If the plain-tiff had intended to controvert this claim, he should have done so by a reply, as provided by the 153d section of the Code. Not having done this, the set off was admitted by the pleadings, and could not have been disputed upon the trial.   If this was the only defence upon which the defendant relied, he could not, in this state of the pleadings, have made an affidavit of merits. The plaintiff, upon the inquest, was bound to allow the set off, as it stood admitted upon the record.   It was irregular for him to disregard it, and take a judgment for the amount claimed in his complaint.

It was also irregular for the clerk to insert in the entry of judgment the plaintiff's costs, without notice of taxation. But I do not understand that, because this entry was irregular, it must necessarily be stricken out. There is no reason why, if after such entry the costs are retaxed upon notice, and the amount is not reduced, the entry should be stricken out, when the plaintiff would have the right to have the same amount of costs reinserted. Nor can I see why, even where, upon the retaxation of the costs, the amount has been reduced, any thing more should be done than to correct the entry by inserting the true amount of costs. By the 174th section of the Code, it is provided that "whenever any proceeding taken by a party fails to conform in any respect to the provisions of this Code, the court may, in its discretion, and upon such terms as may be just, permit an amendment of such proceedings so as to make it conformable thereto." In this provision I think ample authority may be found for correcting the entry of costs, so as to make it conformable to the amount ascertained upon a proper taxation, and even for allowing the irregular entry to stand, if the party recovering judgment will stipulate to deduct from the judgment the amount which, upon the taxation of the costs, may be deducted therefrom. The party against whom costs are recovered will then have all the advantage which it was intended he should have, by securing him a notice of the adjustment of the costs. Convenience as well as justice, I think, are on the side of this practice. See *Coldsmith agt. Morse,* 2 *Code Ref.* 49; *Dix agt. Palmer,* 5 *How.* 233; *Mitchell agt. Hall,* 7 *How.* 490; *Gilmartin agt. Smith,* 4 *Sand.* 684. In the latter case Mr. Justice Bosworth has been very successful in showing that the irregularity of entering in the judgment the amount of costs, without notice of adjustment, affects only the entry, and not the judgment itself, as had been held in some early cases to which he refers. Whether that learned judge would have insisted on vacating the entry of costs altogether, or merely correcting it, so as to make it conform to the true amount of the costs, as the same should be ascertained upon regular taxation, does not appear. The judgment, in the case before him, was vacated upon

Potter agt. Smith.

other grounds. So, in Mitchell agt. Hall, Mr. Justice BAR-CULO directed the *ex parte* adjustment of costs to be set aside, and granted the party applying such other relief as his case required; but it does not appear that the judgment, or even the entry of costs in the judgment, were set aside. In Dix agt. Palmer the judgment had been entered and the costs inserted, without notice of adjustment. Subsequently notice of adjustment was given; but the party upon whom such notice was served did not appear, to have the costs readjusted. It was held that the notice of readjustment cured the irregularity, and a motion to set aside the judgment was denied, with costs. Tracy agt. Humphrey (1 *Code Rep. N. S.* 197) is to the same effect. In that case, as in this, no notice of adjustment had been given. A motion to set aside the judgment for irregularity in adjusting the costs was denied, but the court directed that, before proceeding to enforce his judgment, the plaintiff should have his costs readjusted upon notice, and should deduct from the execution the amount which should be deducted from the costs. It was further ordered that the record and docket of judgment should be amended, if any deduction should be made on the readjustment of the costs. I think this should now be regarded as the settled practice of this court.

The motion to set aside the judgment must be granted, unless within ten days after notice of this decision the plaintiff shall stipulate to deduct from his judgment $40, for the amount of the counterclaim which was not allowed upon taking the inquest, and $2, which appears from the items of the costs presented on the motion to have been overcharged for witnesses' fees, and $10 for the costs of this motion.