Sherman agt. Wells, President of the American Express Company.

## SUPREME COURT.

### Isaac Sherman, respondent, agt. Henry Wells, President of the American Express Company, appellant.

This court has no power to extend the time in which a party may *appeal*. (*This seems to overrule the decision in the case of Haase* agt. *The New-York Central Railroad Company, ante, page* 430.)

But if the party has appealed in time, and given an informal notice of it, the court may allow him to *amend* his notice *nunc pro tunc.*

The serving of *exceptions* or a *case*, is notice in writing that the party doing so intends to *appeal*. And should always, therefore, be deemed a sufficient notice of appeal, if served in due time, especially if not objected to.

The opposite party should return such papers with notice of his objection, or he should be estopped from objecting to the want of formal notice of appeal.

While the amount of the *costs* is kept open, no notice of the entry of judgment can be given, which will limit the time to appeal.

*New-York General Term, September,* 1857.

Mitchell, Clerke and Davies, *Justices.*

This was an appeal from an order at special term, denying a motion that the plaintiff be directed to receive service of a notice of appeal to the general term of this court, or that the judgment be vacated on the ground of irregularity, because the same was entered before the costs were taxed.

The facts as they appeared before the special term, were these :

The plaintiff noticed his costs for adjustment for the 21st of February. Through some oversight the costs were adjusted on the 20th, and judgment perfected on that day ; and on the same day the plaintiff served a written notice of such entry of the judgment on the defendant's attorney ; when upon discovering the error, it was arranged between the respective attorneys, to go before the officer on the next day, (the 21st February,) and have any items objected to, submitted for re-adjustment, with the understanding that any of such items as should be disal-

lowed by the clerk, should be deducted from, and allowed on the judgment and execution ; but at the same time leaving the notice of judgment with the defendant's attorney.   That in pursuance of such arrangement, the attorneys for the respective parties attended before the officer on the 21st, when defendant's attorney submitted the costs served on him to the officer, and made his objections, all of which were overruled, and no change or alteration whatever made in the adjustment of the previous day.   It also appeared that exceptions to the report of the referee, and a copy of a case as proposed, were served on the plaintiff's attorney, within the regular period limited for that purpose.   That on the 27th of March, (and five days after the time limited by the notice of 20th February,) the plaintiff's attorney received from defendant's attorney, a letter of which the following is a copy :

" 61 *Chambers-street, March, 27th,* 1857.

" I. T. WILLIAMS, Esq., Dear Sir,—My clerk, together with this note, will show you a note that we received from the American Express Company, on the 15th day of February, 1857.   You will see, therefore, that it is really our intention to submit the questions of law in this case, to a court of review.

" We beg you to sign the accompanying consents, that our appeal may stand regularly on its feet.   It was entirely by oversight of our own, that the notice has been so long delayed, and we have no desire to make application to the court in this matter.

" We ask this entirely on personal grounds : we should be in an unfortunate situation of responsibility to our clients if the appeal should miscarry through any neglect on our part.   Yours very truly.                    W. A. HARDENBROOK.

" You are aware, of course, that we have already served both exceptions, and our case.   We will afford you any time you desire to prepare amendments.                    W. A. H."

But the plaintiff's attorney declined to sign the consents

therein referred to, for the reason, that the time to appeal had expired; and that on the 2d of April, a notice of appeal was tendered at the office of plaintiff's attorney, which was declined for the same reason.

Wm. A. Hardenbrook, *for appellant.*
I. T. Williams, *for respondent,* .

Contended among other things :—
*First.* This court, at general term, will not review the exercise of discretion of the judge at the special term, nor the finding of the special term upon the facts, in case there be a conflict of evidence, or conflicting affidavits.

*Second.* The court has no power to enlarge the time for perfecting an appeal, or allow an appeal after the time for appealing has expired. (*Renouel* agt. *Harris,* 2 *Sand.* 641; *Enos* agt. *Thomas,* 5 *How.* 361; *Linsay* agt. *Almy,* 1 *C. R.* (*N. S.*) 139; *Rowell* agt. *McCormick,* 5 *How.* 337 ; *Humphrey* agt. *Chamberlin,* 1 *Ker.* 274.)

Since the decision of *Humphrey* agt. *Chamberlin,* (1 *Ker.* 274,) the struggle to repeal this statute of limitation has wholly ceased ; save in the case of *Seely* agt. *Pritchard,* (3 *Duer,* 669; 12 *Leg. Ob.* 245 ;) and this case is simply by way of reprisal upon the court of appeals. It has never been pretended that after the time for appealing had expired, the court had power to allow an appeal. This was not pretended in the court below in *Humphrey* agt. *Chamberlin,* but a mutilation of the record was resorted to, to obviate the difficulty, a mutilation as much in violation of the statute upon that subject, as any mutilation could possibly be.

*Third.* The statute in question, is a statute of limitations ; the language of the act requiring a party, if he would sue a simple contract claim, to bring his action within six years from the maturity of the claim, is in substantially the same language as the statute which requires a party, if he would appeal from a judgment, to bring his appeal within thirty days after written notice of judgment ; and during all the period since the enact-

ment of the statute of limitations, there is not a single reported case, either in England or in this country, of a judge, or court, who ever attempted to enlarge the time for bringing an action, or allowing an action to be brought after the time had expired, or to obviate the difficulty, by changing the date of the contract upon which the action was sought to be brought.

*Fourth.* Notice of judgment may be given at any time after the making the final order determining the rights of the parties.

This was doubted at the special term in *Bently* agt. *Jones*, (4 *How.* 335,) but was finally settled by the court of appeals in *Bank of Geneva* agt. *Hotchkiss*, (5 *How.* 478.)

If it were objected that the decision by the court of appeals, was under § 531 of the Code, it was answered that the language of § 332, under which the appeal is sought to be taken, is in precisely the same words.

*Fifth.* A judgment is well entered without any notice of taxation or adjustment, whatever. (See *Graham's Prac. p.* 358; 7 *Cow. Rep.* 412; 2 *Wend. Rep.* 244; *Vor. Code*, 496; 3 *How.* 413; 1 *Sandf.* 92; 5 *How.* 233; 1 *C. R.* (*N. S.*) 197; 4 *Sand.* 684; 7 *How.* 490.)

By the court—MITCHELL, Justice. This cause was referred to a referee, who found for the plaintiff.

The plaintiff's attorney then gave notice of taxation of costs for the 17th of February, 1857, which was adjourned to the 21st, but by mistake taxed his costs, and entered judgment on the 20th, and gave notice in writing that he had done so.

Then, (in the words of the affidavit on his part,) it was arranged between the attorneys, to go before the clerk on the 21st of February, and have the items of costs previously objected to, submitted to the adjustment of that officer, " with the distinct understanding, that any of such items as should be disallowed by the clerk, should be *deducted* from and allowed upon the *judgment* and execution in the action, according to the practice in such cases."

The defendant took exceptions at the trial, and before thirty days had expired from the 20th of February, he served on the

plaintiff's attorney " exceptions in this action, and also a copy case as proposed," which the plaintiff's attorney received without objection. No other notice of appeal was served until the 2d of April, when a formal one was served. The costs were re-adjusted on the 21st of February last, at the same amount as before.

This court has no power to extend the time in which a party may appeal, but if he has appealed in due time, and given an informal notice of it, the court may allow him to *amend* his notice, *nunc pro tunc*. Thus, if the reference to the judgment were incorrect, as if there were a mistake in the title, in the amount mentioned, in the date, or in any other circumstance, so that the court could be satisfied that it was intended for an appeal in the action in question, the necessary amendment would be allowed. Under §·173, the court may, in furtherance of justice, amend any pleading or *proceeding*, by correcting a mistake in any respect. The serving of exceptions, or a case, is notice in writing, that the party doing so intends to appeal; it gives notice to the successful party, as clearly and distinctly as if an express notice to that effect were served. It should always, therefore, be deemed a sufficient notice of appeal, if served in due time, especially if not objected to.

When it was served, the plaintiff should have returned it with notice of the objection, or he should be estopped from objecting to the want of formal notice.

In this case, when the plaintiff served his notice on the 20th of February, it was uncertain for what amount the judgment would be, as " the distinct understanding was, that any items of costs which should be disallowed by the clerk, should be *deducted* from the judgment and execution, according to the practice in such cases. Thus, by the agreement, a *deduction* was to be made *from the judgment*, if any items should be disallowed. While this uncertainty remained, the defendant could not know in what amount to prepare his undertaking. This uncertainty continued until the 21st, and any notice prior to that time was premature. The appellant is to appeal within thirty days after written notice of the judgment is given to him.

This must mean of a judgment so perfected in form, that on the very day on which the notice is given of its entry, the appellant has on the record a knowledge of all the matters necessary to the perfection of an appeal, and of a stay upon it. One of these matters is the amount of the judgment, and that depends on the amount of the costs. So, that while the amount of the costs is kept open, no notice of the entry of judgment can be given, which will limit the time to appeal.

The order appealed from should be reversed without costs, and the respondent should receive a formal notice of appeal, as of the day when the case, or bill of exceptions, was served.