## SUPREME COURT.

### THEODORE D. YORKS agt. JOHN S. PECK.

A *notice* of judgment served by the attorney, without being signed by him or his place of business mentioned, is a nullity. (*See Rule* 10.)

A party must be held to strict practice where he undertakes to limit the time to appeal.

*Seventh Judicial District, General Term, March, 1859.*

MOTION to dismiss an appeal, taken by the defendant to the general term, from a judgment at special term.

The notices of appeal were not served on the attorney of the plaintiff, and on the clerk, so as to perfect the appeal, until the 2nd of December, 1858. On the 28th of October previous, the plaintiff's attorney served on the defendant's attorney the usual written notice of judgment in the action, except that it was not signed by the attorney for the plaintiff, and had no indorsement upon it of his place of business. The ground of the motion was, that the appeal was not brought in time.

H. J. WOOD, *for plaintiff.*
AMOS DANN, *for defendant.*

By the court—JOHNSON, Justice. The tenth rule requires the attorney, on every process or paper to be served, not only to subscribe his name, but to add thereto his place of business. The paper served was a memorandum and not a notice, as it was not subscribed by the attorney or party. Where a party undertakes to limit the time for appealing, he must serve such a notice as the rules and practice require. He should be held to strict practice in such cases.

Motion denied with costs.