## SUPREME COURT.

JULIA DEMELT agt. GEORGE H. LEONARD, and others.

*Notices* in actions must be signed by the *attorney* giving them.

Where the pretended notice given by the defendant that he would be examined as a witness in his own behalf, (when such notice was required,) was not signed by the defendant or his attorney, but was allowed by the referee,—jugment was reversed for the error.

*Broome General Term, May*, 1860.

*Present*, MASON, BALCOM, CAMPBELL *and* PARKER, *Justices.*

THIS action was brought to charge certain real estate situated in the town of Decatur, in the county of Otsego, with the support of the plaintiff, and to compel the defendants to account for the use of the same. The defendant, Leonard, answered the complaint by a general denial of the whole and every part of it. It was then referred to S. H. Grant, Esq., to take and report the evidence to the court. He took the evidence or a part of it; and then the defendant, Leonard, made a settlement with the plaintiff. Leonard subsequently made a motion for leave to make a supplemental answer setting up the settlement—and leave was granted him to do so, on payment of costs, and on condition that he waived all prior defences he had interposed. He accepted the terms and conditions, and interposed a supplemental answer setting up a settlement of the subject matter of the action subsequent to the service of his former answer. The issues made by the supplemental answer were referred to said Grant to hear and determine. They were tried before him in November, 1857. He afterwards found in favor of the defendant Leonard upon said issues; and judgment was entered on his finding dismissing the complaint with costs. The plaintiff appealed from the judgment to the general term of the court.

E. E. Ferry, *for plaintiff*.
A. Becker, *for defendant Leonard*.

By the court—Balcom, Justice.   The defendant Leonard
was examined as a witness in his own behalf before the
referee.   At the time the trial was had he could not testify
in his own behalf without giving at least ten days previous
notice of his intended examination.   The paper served,
which the referee held was a notice of his intended exami-
nation, was not signed by him or his attorney, and was not
therefore a notice.   It was only a memorandum.   It should
have been subscribed by his attorney, in order to consti-
tute it a notice.   A rule of this court requires notices to
be subscribed by the party or his attorney.   That notices
in actions must be signed by the attorney giving them has
been determined at a general term of this court in the 7th
district.   (*See Yorks* agt. *Peck*, 17 *How. Pr. Rep.*, 192.)   The
referee erred in allowing Leonard to testify in his own
behalf without any notice being given of his intended
examination.   This error entitles the plaintiff to a new
trial.   It is therefore unnecessary to determine whether
the decision of the referee is sustained by the evidence.
The judgment in the action should be reversed and a new
trial granted, costs to abide the event; and either party
should have leave to apply for the appointment of a new
referee.

Decision accordingly.