CHAMPION *vs.* THE PLYMOUTH CONGREGATIONAL SOCIETY
and others.

42  441
63h 114

A notice of the entry of a judgment, rendered upon the report of a referee, directing the payment of money, served before the costs are finally adjusted, will not have the effect to limit the right of the opposite party to appeal to the general term.

A party seeking to avail himself of the statutory limitation of his adversary's right to appeal, should be held to strict practice.

The practice allowing a party to enter and docket his judgment, without notice of taxation, is allowed, merely to prevent delay in obtaining his lien and securing his demand. It would be unjust to permit him so to use the privilege as to shorten the time within which his opponent may appeal, or embarrass him in the exercise of that important right. *Per* J. C. SMITH, J.

Where a referee dismisses the complaint with costs, a voluntary payment of the costs, by the plaintiff, will not amount to a waiver of the right of appeal.

In the absence of proof to the contrary, the presumption is that the referee dismissed the complaint on the merits; and notwithstanding the costs have been paid, the plaintiff has a right to have the decision of the referee, on the merits, reviewed.

MOTION to dismiss an appeal from a judgment upon the report of a referee, dismissing the complaint with costs. The material facts appear in the opinion of the court.

*By the Court,* JAMES C. SMITH, J.   I think the notice of the entry of judgment, in this case, served as it was before the costs were finally adjusted, had not the effect to limit the plaintiff's right of appeal. The appeal is allowed by the fourth chapter of title eleven of the code; and the limitation insisted upon by the defendants is created by section 332 of the code, which provides that such appeal "must be taken within thirty days after written notice of the judgment * * * shall have been given to the party appealing." A party seeking to avail himself of this statutory limitation should be held to strict practice. Thus it has been repeatedly decided, under the provision above referred to and other similar statutes that nothing short of a *written* notice of the judgment will limit the time in which to appeal; that neither a verbal

notice, nor actual knowledge by the opposite party, or his attorney, of the entry of the judgment will suffice; (*Staring* v. *Jones,* 13 *How. Pr. Rep.* 423; 14 *Wend.* 539; 6 *Paige,* 127; 9 *id.* 607;) and that a written notice, served by an attorney, is a nullity, if it is not signed by him, and has no indorsement upon it of his place of business, as required by the 10th rule. (*Yorks* v. *Peck,* 17 *How. Pr. Rep.* 192.) It has also been held that the notice must be actually served on the attorney of the party who appeals, (*Fry* v. *Bennett,* 7 *Abb. Pr. Rep.* 352;) and that it should be such as to apprise him of the whole subject matter. (*Ibid. Sherman* v. *Wells,* 14 *How. Pr. Rep.* 522.) The case last cited, which was decided at general term in the first district, seems to be an authority in point, upon the question before us. The plaintiff, in that case, noticed his costs for adjustment for the 21st of February. Through some oversight, the costs were adjusted on the 20th, and judgment perfected on that day; and on the same day the plaintiff served a written notice of such entry of the judgment, on the defendant's attorney; when, upon discovering the error, it was arranged between the respective attorneys to go before the officer on the next day, and have any items, objected to, submitted for re-adjustment, with the understanding that any of such items which should be disallowed by the clerk should be deducted from, and allowed on the judgment and execution; but at the same time leaving the notice of judgment with the defendant's attorney. In pursuance of such arrangement, the attorneys for the respective parties attended before the officer, on the 21st, when the defendant's attorney submitted the costs served on him, to the officer, and made his objections, all of which were overruled, and no change or alteration whatever was made in the adjustment of the previous day. No notice of the judgment was subsequently served. On the 2d of April, a notice of appeal was tendered, at the office of the plaintiff's attorney, which was declined, for the reason that the time to appeal had expired. The

Champion *v.* Plymouth Congregational Society.

defendant moved, at special term, that the plaintiff be directed to receive service of a notice of appeal. The motion was denied, and the general term, on appeal, reversed the order of the special term, and directed that the respondent should receive a formal notice of appeal. The court say, in their opinion: "The appellant is to appeal within thirty days after written notice of the judgment is given to him. This must mean of a judgment so perfected, in form, that on the very day on which the notice is given of its entry, the appellant has on the record a knowledge of all the matters necessary to the perfecting of an appeal, and of a stay upon it. One of these matters is, the amount of the judgment, and that depends on the amount of the costs. So that while the amount of the costs is kept open, no notice of the entry of judgment can be given which will limit the right to appeal." The force of this reasoning is made apparent by a reference to sections 348 and 335 of the code, which provide that in certain appeals, including an appeal to the general term from a judgment entered upon the report of a referee, directing the payment of money, to which class of appeals the case before us belongs, the appeal shall not stay the execution of the judgment, (without a special order to that effect,) unless an undertaking be given, conditioned, among other things, that the appellant will pay the amount of the judgment appealed from, if affirmed. The undertaking, in such case, must be executed by at least two sureties (§ 335,) who must justify, (§341;) and it must state the amount of the judgment. (*Id. Harris* v. *Bennett,* 3 *Code Rep.* 23.) It is of course impossible for a party wishing to appeal, to comply with these requirements while the amount of the costs is open; unless he executes an undertaking in a sum large enough to cover the entire judgment, including the items to which he objects and which may be stricken out on retaxation; a burden which, in some cases, would be a severe hardship, and to which he should never be subjected.

The stipulation, in *Sherman* v. *Wells*, creates no material difference between that case and the one at bar. The agreement that any items of costs disallowed on retaxation should be deducted from *the judgment*, as well as the execution, merely secured to the appellant the same rights which he would have had in case of re-adjustment *on notice*. It is the settled practice of the court, where a party is entitled to relief on the ground that the costs have been irregularly adjusted without notice, to direct that they be re-adjusted on notice; and if any deduction be made, that the amount thereof be deducted from the execution; and also that the record and docket of judgment be amended. (*Tracy* v. *Humphrey*, 1 *Code Rep. N. S.* 197. *Potter* v. *Smith*, 9 *How. Pr.* 262.)

The practice allowing a party to enter and docket his judgment, without notice of taxation, is merely to prevent delay in obtaining his lien and securing his demand. It would be unjust to permit him so to use the privilege as to shorten the time within which his opponent may appeal, or embarrass him in the exercise of that important right.

It follows from these views, that as no written notice of the amount of the judgment was served, after the costs were re-adjusted, the time to appeal had not expired when the notice of appeal was served.

It appears that the plaintiff voluntarily paid the costs upon bringing his appeal; and the defendants claim that this was a waiver of the right of appeal. I think otherwise. In the absence of proof to the contrary, it is to be presumed that the referee dismissed the complaint on the merits, and the judgment is a bar to another action. The costs are a mere incident to the recovery; and notwithstanding they have been paid, the plaintiff has a right to have the decision of the referee on the merits reviewed.

For the reasons above stated, I think the motion should be denied, with ten dollars costs; but as the defendant's coun-

Botsford *v.* McLean.

sel has suggested that, relying on the correctness of his practice, he has omitted to prepare amendments to the case served on him, he may have thirty days from the service of the order herein directed, to serve amendments.

Ordered accordingly.

[Monroe General Term, June 6, 1864. *James C. Smith*, *Welles*, and *E. Darwin Smith*, Justices.]