By the Court.—McCue, J.
I think the appeal is taken in time.
The modification of the judgment by the order entered January 4, 1876, directing the reduction of the same by the sum of $50, has the effect of rendering null the notice of appeal heretofore served.
The judgment was originally entered as of November 19, 1875, for $492.15, and by order of the court made January 4, 1876, the judgment has been reduced *398 so that it now stands as a judgment for $442.15. It is true that the order of January 4,1876, directs the modification to be made as of November 19,1875, but this is only for the purpose of preserving any lien which might have been acquired by the docket of the judgment ; it cannot, however, make the notice of entry of a judgment for $492.15, answer as notice of the entry of a judgment for $442.15 (See Champion v. Plymouth Soc., 42 Barb. 441; Sherman v. Wells, 14 How. Pr. 522).
The act of 1849 (sec. 6, chap. 125) did require security on appeal from the city court to the supreme court, precisely as under the Code, security was required on appeal from the supreme court to the court of appeals. This was on the theory that in each instance, as the cause was passing from one court to another, it was proper to indemnify the successful party against the costs and disbursements of the appeal. So long, however, as the cause continued in the court in which it was commenced, there was no provision by which security was required on any appeal.
The act of 1870, re-organizing the city court and creating a general term in that court (which never existed before), has provided expressly, as we read it, that all appeals to the general term shall be governed by the provisions of the Code relating to appeals in the supreme court to its general term: “ All provisions of chapter four, of title eleven, of the Code, shall apply to the appeals so taken.” Section 6, chapter 470, Laws of 1870, remodeling, so to speak, section 6 of the original city court act, so as to apply to the altered constitution of the court. The same rules apply, therefore, in this court, as in the supreme court, in respect to appeals to the general term.
The motion to dismiss appeal and vacate the extensions of time for making and serving case denied,, but without costs.