Alonzo C. Yates et al., Respondents, *v.* Corydon Burch et al., Appellants.

It is no defense to an action on an undertaking given to stay execution under the Code of Procedure (§ 335), by executors on appeal from judgment against them as such, that sufficient assets did not come to the hands of the executors to pay the judgment.

Under the provision of said Code (§ 348) requiring ten days' notice to " the adverse party of the entry of the order or judgment affirming the judgment appealed from," before bringing suit upon an undertaking given to stay proceedings on appeal to the General Term, the fact that after entry of judgment and service of notice thereof, the sum of costs was reduced upon retaxation, did not require the service of a new notice before bringing suit.

*Porter* v. *Kingsbury* (71 N. Y. 588), *Rae* v. *Beach* (76 id. 164), distinguished.

*It seems* that under said provision a notice of the entry of the order or judgment of affirmance, without stating the amount of costs awarded, would be sufficient.

(Argued December 13, 1881 ; decided January 17, 1882.)

Appeal from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 6, 1880, which affirmed a judgment in favor of plaintiffs, entered upon a verdict; also from an order of said General Term, made April 19, 1878, which affirmed an order sustaining a demurrer to the second defense set up in defendants' answer.

This action was brought by the plaintiffs on an undertaking executed by the defendants in the action given to stay execution, on an appeal to the General Term from a judgment rendered in the Supreme Court against Henry C. Hoffman and Israel McDonald, as executors of the will of Chester W. Ryant, deceased.

The second answer of the defendants, which was demurred to, alleged that said judgment was recovered on a liability incurred and contracted by the firm of Chester W. Ryant & Co., composed of Chester W. Ryant, now deceased, and Seth D. Ryant, also now deceased. That said judgment could be en-

forced only against the individual property of the said Chester W. Ryant, in the hands of the executors, remaining after paying the individual debts of the said Chester W. Ryant, deceased, and that there was a deficiency of personal assets which have or should properly have come to the hands of said executors, and said executors having fully administered upon said assets, said deficiency still remains, and there is not sufficient assets in said executors' hands to pay the individual debts of said Chester W. Ryant, deceased, and that said executors were not adjudged by the judgment in the complaint described to be personally liable by the proper administration and application of the assets in their hands as such executors, if any there were, applicable to the payment of the plaintiffs' alleged claim, and that the defendants are not liable and cannot be held to a greater or different liability than the liabilty of said executors in said alleged judgment.

The material facts appearing on the trial are set forth in the opinion.

*W. L. Daily* for appellants. The defendants as sureties cannot be held beyond the liability imposed upon the executors, by the judgment appealed from, that is, to pay the debt out of the goods, etc., in their hands as such. (*Mills* v. *Thursby*, 12 How. 385; id. 466; 76 N. Y. 169; 65 id. 496; 3 Keyes, 150; *McCloskey* v. *Cromwell*, 11 N. Y. 593; *Wood* v. *Fisk*, 63 id. 245.) The undertaking must be founded upon the statutes, and draw its aliment therefrom, or it is void as obnoxious to the statute of frauds. (*Post* v. *Doremus*, 60 N. Y. 371.) The contract of a surety is one of strictest character, and must be so construed. (*Hatch* v. *Elkins*, 65 N. Y. 496; *Bar* v. *Beach*, 76 id. 169.)

*Wm. C. Ruger* for respondent. The undertaking executed by defendants was an original obligation, which by its terms became absolute when the judgment appealed from was affirmed, and the plaintiffs are entitled to recover according to the terms of the contract. (*Babbitt* v. *Finn*, 11 Otto, 7, 15;

*Anderson* v. *Sloan,* 1 Colorado, 484 ; *Curtis* v. *Vantine,* 9 Cal. 37 ; *Heebener* v. *Townsend,* 8 Abb. Pr. 234 ; *Johnson* v. *Ackerson,* 40 How. Pr. 222 ; *Knapp* v. *Anderson,* 71 N. Y. 466.) The allegations in the answer, that the executors were not possessed of sufficient assets to pay the judgment appealed from, constituted a defense to the cause of action stated in the complaint. ( *Williams* v. *Fields,* 2 Barb. Ch. 231 ; *Mills* v. *Forbes,* 12 How. Pr. 466 ; *Yates* v. *Burch,* 13 Hun, 622 ; *Piercy* v. *Piercy,* 1 Ired. Eq. 254 ; Brandt on Suretyship, § 121 ; *Baldwin* v. *Gordon,* 12 Martin [La.], 378.) The notice served upon the attorney for the executors, April 29, 1875, complied fully with the requirements of section 348 of the Code of Procedure. ( *Yates* v. *Burch,* 13 Hun, 625.) The objection that the plaintiffs did not, in fact, serve a notice of judgment, because the amount of costs included in the judgment of affirmance was afterward slightly reduced, is not good. ( *Wilson* v. *Palmer,* 75 N. Y. 250 ; *Rogers* v. *Schmersahll,* 4 Hun, 623.)

DANFORTH, J. The undertaking on which this action is brought is set out at length in the complaint. After reciting the recovery of judgment for $1,801.83 in favor of these plaintiffs against Hoffman and McDonald, executors, and the intention of the judgment debtors to appeal therefrom, it provides, among other things, that the defendants herein will, if the judgment is affirmed, "pay the amount directed to be paid by said judgment * * * * * and all damages and costs which shall be awarded against the appellants upon the appeal."

Upon the trial, the execution of the undertaking was proven, and also that the judgment appealed from was in all respects affirmed, with costs. Then happened, the contingency on which the defendants' liability depended ; and although it should be conceded that the original judgment could have been enforced against the defendants therein, only to the extent of assets in hand, after payment of prior claims, the concession would not aid the defendants here. Their promise or undertaking was upon sufficient consideration, and by reason of it the judgment

creditors were prevented from pursuing such property as might be in possession of the judgment debtors, or marshaling the assets; they cannot, therefore, successfully urge that the judgment could not have been collected. The considerations now advanced for that purpose, and also set out in the answer, might have availed upon an application to the court below to dispense with or limit the security to be given upon appeal (Code of Procedure, § 336), but after an unsuccessful appeal, cannot avail against the security in fact given (*Knapp* v. *Anderson,* 71 N. Y. 466; *Piercy* v. *Piercy,* 1 Ired. Eq. 214), and which may well be construed as an admission of the possession of sufficient assets to pay the judgment. (*Yates* v. *Burch,* 13 Hun, 622.)

If the judgment against the executors (the one appealed from) had been paid, a different question would be presented, and one which would render this appeal successful. (*Wehle* v. *Spellman,* 75 N. Y. 585.) But the answer does not go to that extent. It is also said by the appellants, that they were brought into court against the prohibition in section 348 of the Code of Procedure; that no such action "shall be commenced * * * until ten days after the service of notice on the adverse party of the entry of the order or judgment affirming the judgment appealed from." It is not denied that the complaint sufficiently avers the service of such notice; but the claim is, that after entry of the judgment, and notice thereof, the sum of costs was reduced upon retaxation, and no subsequent notice given. The cases cited by the appellants do not show its necessity. In *Porter* v. *Kingsbury* (5 Hun, 597, affirmed 71 N. Y. 588), and *Rae* v. *Beach* (76 id. 164), no notice whatever was given, and its omission was held fatal. On the other hand, in *Wilson* v. *Palmer* (75 N. Y. 250), upon facts quite similar to those before us, it was held that the time to appeal ran from the entry of judgment containing the sum of costs as first adjusted. The appellants object, that that this was under another statute. (Old Code, §§ 331, 334.) This is so; but, as will be seen, its provisions are broader than those under review, and the reasoning of the court in that case

may well include and be decisive of this. In neither case was the judgment in fact changed, although in both, the costs were reduced; but under the statute governing the rights of the parties here, it would seem to be sufficient to give notice of the entry of the order or judgment of affirmance, without stating the amount of costs awarded; while under the other statute, when notice is required, it must be of the order (§ 334), or of the judgment or order (§ 331); not of the entry merely. The object of the different provisions is manifest. In the one case, to notify the appellant that the contingent obligation of his surety has become fixed ; in the other, to give the party such information of the terms or amount of the order or judgment as will enable him to state it in the undertaking required upon appeal.

The argument, as well as the decisions, in *Sherman* v. *Wells* (14 How. Pr. 522) and *Champion* v. *Plymouth Congregational Society* (42 Barb. 441) apply only to the latter case. In the one before us, the undertaking is two-fold: to pay, first, the amount of the judgment appealed from, if affirmed; and second, the damages and costs awarded upon the appeal. The notice required (§ 348) is of the entry of the judgment or order of affirmance only, and not of the costs or damages awarded. There is a difference in the phraseology and the object of the two statutes, and the construction applied to one need not be extended to the other.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.