## WILLIAM H. DE MOTT, APPELLANT, v. FRANCIS M. KENDRICK, RESPONDENT.

*Appeal — time, how limited — a judgment is not final while the costs may be readjusted.*

On the 10th day of April, 1891, the attorneys for a defendant entered judgment upon a referee's report, and taxed their costs without notice. Upon the same day they served upon the plaintiff's attorney a copy of the judgment, with notice of retaxation of the costs. No further notice of this character was ever served by the attorneys for the defendant. On the 23d day of October, 1891, the plaintiff's attorney filed and served notice of exceptions to the referee's report, and notices of appeal from the judgment. The notices served upon the defendant's attorneys were returned by them on the ground that they were not served in time, more than thirty days having elapsed since the service upon the plaintiff's attorney of a copy of the judgment.

*Held,* that as the notice of the entry of judgment was served before the amount of the judgment had become fixed by a readjustment of the costs, and as it was served while the power of the clerk to readjust the costs was not exhausted, service of such notice was insufficient to limit the time of appeal. (MERWIN, J., dissenting.)

APPEAL by the plaintiff William H. De Mott from an order of the Supreme Court, entered in the clerk's office of the county of Oneida on the 9th day of November, 1891, denying a motion to compel the defendant to receive a notice of appeal, and notice of exceptions to a referee's report, and also to give the plaintiff thirty days in which to make a case.

The action was brought for an accounting between the plaintiff and defendant, who were copartners, and the report of the referee directed a judgment settling the affairs of the copartnership, and for the recovery of a judgment by the defendant against the plaintiff.

On the 10th of April, 1891, the attorneys for the defendant entered the judgment and taxed costs without notice to the attorney for the plaintiff. On the same day they served upon the plaintiff's attorney a copy of such judgment with a notice of the entry thereof, and their bill of costs, with a notice that the same would be readjusted by the clerk of Oneida county on the 13th day of April, 1891, at two o'clock P. M. No other notice of the entry of said judgment, or of the adjustment or readjustment of the costs, was served upon the attorney for the plaintiff. On the 23d of October, 1891, the plaintiff filed with the clerk of Oneida county a notice of exceptions to the report of the referee, and a notice of appeal by the plaintiff from said judgment. On the same day the attorneys for the defendant were served with a notice of appeal and with a notice of said exceptions. The attorneys for the defendant returned the notice of appeal and notice of exceptions to the attorney for the plaintiff on the same day, with written notice that the same were served too late and after the time to appeal had expired.

The order appealed from denied the plaintiff's motion " on the ground that said notices of appeal and of exceptions were served too late and were not served in time, more than thirty days having elapsed between the service of a copy of the referee's report, notice of filing thereof, a copy of the judgment with a notice of the entry thereof, and the service of the notice of appeal and notice of exceptions."

*W. A. Matteson,* for the appellant.

*Goodier & Wolcott,* for the respondent.

MARTIN, J.:

As the appellant's motion was denied upon the ground that more than thirty days had elapsed after the service of a copy of the judgment with a notice of the entry thereof, and before the service of the notice of appeal, we think it is fair to presume from the order in this case that the motion was denied upon the ground that the

appellant's time to appeal had expired, and consequently the court had no power or authority to grant the order.

The only question we need consider is, whether the service of a copy of the judgment herein, with a written notice of the entry thereof, at the time when it was served, was sufficient to limit the appellant's right to appeal.

The appellant's claim is that the judgment that was entered, and of which a notice was given, was not then a final and perfected judgment, but was uncertain and liable to be changed, and hence that a notice of its entry before it had been perfected and become final was insufficient to limit his time to appeal.

In *Sherman* v. *Wells, President, etc.* (14 How. Pr., 522), the General Term of the first district held that while the amount of the costs is kept open no notice of the entry of judgment can be given which will limit the time to appeal. MITCHELL, J., in delivering the opinion of the court in that case, said : " The appellant is to appeal within thirty days after written notice of the judgment is given to him. This must mean of a judgment, so perfected in form that on the very day on which the notice is given of its entry the appellant has on the record a knowledge of all the matters necessary to the perfection of an appeal and of a stay upon it. One of these matters is the amount of the judgment, and that depends on the amount of the costs. So, that while the amount of the costs is kept open, no notice of the entry of judgment can be given which will limit the time to appeal."

The doctrine of that case was followed by the General Term of the seventh district in *Champion* v. *The Plymouth Congregational Society* (42 Barb., 441). In the opinion of the court in that case the doctrine laid down in the Sherman case was quoted with approval, and it was distinctly held that a notice of the entry of judgment, served before the costs were finally adjusted, did not have the effect to limit the right of the opposite party to appeal to the General Term.

In *Thurber* v. *Chambers* (60 N. Y., 29), it was held that where a decree in a partition suit awards costs, a notice of judgment, served prior to the taxation and entry of the costs, does not limit the time for appeal. The same doctrine was held in *Beinhauer* v. *Gleason* (44 Hun, 556).

These authorities seem to justify the appellant's claim, and to establish the doctrine that a notice to limit the time of appeal can only be given when the amount of the judgment, including costs as well as damages, has been finally adjusted and determined by the clerk who is the taxing officer.

The respondent, however, contends that the doctrine of the first two cases has been, in effect, overruled by the cases of *Wilson* v. *Palmer* (75 N. Y., 250), and *Yates* v. *Burch* (87 id., 412).

In *Wilson* v. *Palmer* a judgment was perfected by the final adjustment of costs by the clerk on August 3, 1877, and a copy thereof, with notice of entry, was served on the same day. On the thirtieth of the same month, on application to the court for an order for a retaxation of the costs, an order was granted by the court striking out an item of one dollar and twenty-five cents. It did not appear that the judgment was actually modified. An undertaking on appeal was filed and served August 30, 1878. On a motion to dismiss the appeal on the ground that it was not perfected within one year, it was held that, as the appeal was not perfected within one year from August 3, 1877, it was too late, and that no other notice to limit the time of appeal was necessary, although the taxation was corrected on August thirtieth. It is quite obvious that the costs in that case were finally adjusted by the clerk upon notice to the adverse party on August third, when the notice to limit the time to appeal was given, as it appears from the report of the case that the taxation was corrected by an order of the court granted on a motion for retaxation made by the appellant. In other words, the correction in that case was made on an appeal to the court from the decision of the clerk, and not upon a readjustment of the costs by the clerk. While the report of that case is meager, it shows that the judgment had become fixed and was final, so far as any act of the clerk, as taxing officer, was concerned, before the notice was served. At the time of its entry his power to adjust or readjust the costs was at an end, and hence it was that the notice of entry of judgment was held effectual to limit the time of appeal.

The question under consideration in this case was not involved in the case of *Yates* v. *Burch*. The question in that case arose under a section of the Code of Procedure, which provided that an action should not be brought on an undertaking given on appeal " until

ten days after the service of notice on the adverse party of the entry of the order or judgment affirming the judgment appealed from." In discussing the question of the sufficiency of the notice in that case, it was said : " On the other hand, in *Wilson* v. *Palmer* (75 N. Y., 250), upon facts quite similar to those before us, it was held that the time to appeal ran from the entry of judgment containing the sum of costs as first adjusted. The appellants object that this was under another statute. (Old Code, §§ 331, 334.) This is so ; but, as will be seen, its provisions are broader than those under review, and the reasoning of the court in that case may well include and be decisive of this. In neither was the judgment, in fact, changed although in both the costs were reduced ; but under the statute governing the rights of the parties here, it would seem to be sufficient to give notice of the entry of the order or judgment of affirmance *without stating the amount of costs awarded ;* while under the other statute, when notice is required, it must be of the order (§ 334), or of the judgment or order (§ 331) ; not of the entry merely. The object of the different provisions is manifest. In the one case, to notify the appellant that the contingent obligation of his surety has become fixed ; in the other, to give the party such information of the terms or amount of the order or judgment as will enable him to state it in the undertaking required upon appeal." The court then remarked that, " The argument, as well as the decisions, in *Sherman* v. *Wells* and *Champion* v. *Plymouth Congregational Society* apply only to the latter case ; " that the notice required by the statute then under consideration was of the entry of the judgment or order of affirmance only, and not of the costs or damages awarded, and then stated : " There is a difference in the phraseology and the object of the two statutes, and the construction applied to one need not be extended to the other."

This examination of the decision in the Yates case renders it quite manifest that the court in that case did not intend to and did not decide the question involved in the case at bar. Nor did it overrule or question the authority of the decisions in the Sherman and Champion cases.

We think the cases relied upon by the respondent are clearly distinguishable from the Sherman and Champion cases and from the case at bar. As we have already seen in the Palmer case, the costs had been finally adjusted by the clerk, so that his jurisdiction over the

question of costs was at an end when the notice to limit the time to appeal was served. In that case the clerk's authority to tax or retax the costs was spent. He had no power to act further in the matter. The judgment was absolutely final so far as any act of his in regard to the costs was concerned. But in the Sherman and Champion cases as in the case at bar, the clerk still had power and it was his duty to readjust the costs. There had been no final and conclusive adjustment of them by him, and hence the judgment was not final, as its amount had not been finally determined when the notice was given by which the time to appeal was sought to be limited.

The party who undertakes to serve a notice of the entry of judgment, so as to limit the time to appeal is held to very strict practice. (*Good* v. *Daland*, 119 N. Y., 153.)

We are of the opinion that the notice of entry of judgment, having been served before the amount of judgment had become fixed by readjustment of costs after notice to the appellant, it did not limit his time to appeal. Nor do we think the rule, as it existed before the adoption of the Code of Civil Procedure, has been changed by section 3264. It seems that that section was intended as simply declarative of the practice as it existed at the time of its adoption. Mr. Throop in his note to that section says: "New in form, but, according to the existing practice, as recognized in numerous cases," citing *Stimson* v. *Huggins* (16 Barb., 658); *Macomber* v. *Mayor of New York* (17 Abb. Pr., 35); *Henry* v. *Bow* (20 How. Pr., 215); *Hoffnung* v. *Grove* (18 Abb. Pr., 142); *Champion* v. *Plymouth Congregational Society* (42 Barb., 441); *Petrie* v. *Fitzgerald* (2 Abb. [N. S.], 354; *Watson* v. *Gardiner* (50 N. Y., 671).

These considerations lead us to the conclusion that the order appealed from should be reversed and the motion granted.

HARDIN, P. J., concurred.

MERWIN, J. (dissenting):

I am inclined to the opinion that the order in this case should be affirmed. The judgment sought to be appealed from was, at its entry, a complete judgment. The costs had been taxed as the party had a right to have them taxed under section 3264 of the Code. That section provided for a retaxation, and then provided that "any

sum deducted upon a retaxation must be credited upon the execution, or other mandate issued to enforce the judgment." So that apparently the judgment in form remained as entered, but could be enforced only for the proper amount. No modification of the form of the judgment was provided for. It would seem to follow that the judgment as entered was the one to be appealed from, and the one, and the only one, of which a copy could be served.

Under the old Code, the costs could not be regularly inserted in the judgment without taxation upon notice, and the judgment was, therefore, incomplete until such taxation. The difference in that respect in the present Code renders inapplicable the cases decided under the old Code. This distinction is not considered in *Beinhauer* v. *Gleason* (44 Hun, 556). The question was not involved in *Beinhauer* v. *Gleason* (15 N Y. St. Rep., 227; affirmed, 119 N. Y., 658).

The case of *Wilson* v. *Palmer* (75 N. Y., 250), seems to be in point. Here, as there, no other judgment was ever entered, and it does not appear that the judgment has been modified. *Yates* v. *Burch* (87 N. Y., 412), is in the same direction. I think, therefore, the order should be affirmed.

Order reversed, with ten dollars costs and disbursements, and motion granted.