### THURSTON v. THURSTON.

(Supreme Court, Special Term, New York County. August 7, 1911.)

1. DIVORCE (§ 219*)—TEMPORARY ALIMONY—ARREARS—FINAL JUDGMENT.

An order for the payment of temporary alimony is superseded by a final judgment in the action denying relief to both parties, on a finding that both had been guilty of adultery.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 640, 735–737; Dec. Dig. § 219.*]

2. DIVORCE (§ 182*)—NOTICE OF APPEAL—MODIFICATION OF JUDGMENT.

An order modifying a final judgment in a divorce action, by striking out provisions for payment by plaintiff of the costs of the action, nullifies a prior notice of appeal, so that a motion for counsel fees and disbursements on the appeal could not be granted, without the filing of a new notice of appeal.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 568, 587, 588, 625, 638, 641, 657; Dec. Dig. § 182.*]

3. DIVORCE (§ 164*)—FINAL JUDGMENT—COSTS.

Where, in a suit for divorce, relief was denied to both parties because each had been guilty of adultery, a provision in the final judgment requir-

---

-ing plaintiff to pay the costs of the action was inadvertent, and may be stricken on motion.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 533–540; Dec. Dig. § 164.*]

Action for divorce by one Thurston against one Thurston. On motions to direct payment of arrears of temporary alimony and for counsel fees and disbursements on appeal. Granted.

James L. Curtis, of New York, for plaintiff.

D. Macon Webster, of New York (Anderson Price, of New York, of counsel), for defendant.

GIEGERICH, J. [1] So far as the motion to direct payment of the arrears of temporary alimony is concerned, it must be denied, because such order was superseded by the final judgment, which in this case denied relief to both parties because each of them was found guilty of adultery. Wood v. Wood, 7 Lans. 204; 14 Cyc. 760; 3 Enc. L. & P. 138, 139.

[2] The other branch of the motion, for a counsel fee and disbursements upon the appeal taken by the plaintiff, must be denied, in consequence of the granting of the motion to modify the final judgment by striking out the provisions for the payment by the plaintiff of the costs of the action, which has the effect of rendering null and void the notice of appeal heretofore served by the plaintiff. Smith v. Evans, 1 Abb. N. C. 396; 4 Nichols, New York Practice, § 2608, p. 3694. As a new notice of appeal is necessary (4 Nichols, New York Practice, § 2608, p. 3694), the motion for a counsel fee and expenses may be renewed when such new notice of appeal is served.

Motion disposed of as indicated, without costs. Settle order on notice.

[3] The directions contained in the final judgment for the payment by the plaintiff of the costs of the action were made through inadvertence, and the final judgment should be modified by striking out the same. No papers in opposition to the motion to modify the judgment in this respect have been submitted.

Motion granted. No costs.