Marks, J.
The checks in the hands of the original payee, the plaintiff, represented, as is conceded, alimony awarded under a judgment of the Supreme Court. It was not necessary for the plaintiff to commence an action on them in order to put her claim into judgment. When the checks were not paid, she could have applied to the Supreme Court to docket as a judgment the unpaid installments, so that she could issue an execution upon them. Thayer v. Thayer, 145 App. Div. 268.
If upon such application to enter judgment it appeared to the clerk that the judgment wherein such alimony was awarded had been reversed by the Appellate Division, certainly no judgment for the amount decreed to be paid by such judgment after it had been reversed could have been entered by the clerk, because that judgment awarding the alimony became a nullity and was superseded by the judgment of the Appellate Division, which in effect destroys the whole force of the judgment awarding alimony. Therefore, if no judgment could thus have been entered in the Supreme Court, certainly this court is in no better position to grant the relief that would be refused by the clerk of the Supreme Court if called upon to enter a judgment for alimony after the judgment had been reversed. Thurston v. Thurston, 136 N. Y. Supp. 340.
An action upon a judgment directing the payment of money is an action to recover upon a contract, express or implied, and while it may be that an action cannot be maintained in the Municipal Court to recover upon an order to pay alimony pendente lite, upon a final judgment in full force and not reversed, directing the payment of money, it may be that an action may be maintained upon such judgment in this court, the same *544 as an action upon any judgment directing the payment of money, irrespective of the relief that might he given in the Supreme Court in the way of docketing a judgment for unpaid alimony. But this is a question that I do not feel called upon to decide as I feel that the reversal of the judgment by the Appellate Division in this ease supersedes the judgment upon which, it is conceded, the checks in this case were given, and, therefore, there is now no consideration for the checks.
There was no final judgment at the time this action was commenced that gave the plainiff the right to the alimony represented by the checks involved in this action.
The plaintiff could not apply for the payment of alimony under the terms of the reversed judgment or to punish the defendant for contempt of court accruing after the date of these checks. If there is an order awarding alimony pendente lite that order may still be in force and the plaintiff may be able to proceed thereunder, but not in this court. But in this case judgment must be given for the defendant, dismissing the complaint without prejudice to a new action which may be brought, if not in this court, if the Court of Appeals reinstates the judgment.
Judgment accordingly.